[File No. 6765]

THE STATE OF NORTH DAKOTA, Doing Business as the Public Welfare Board of North Dakota, Appellant, v. W. R. WHITVER, as Administrator of the Estate of Emily Eliza Counsell, Respondent.

(3 NW(2d) 457)

Opinion filed April 29, 1942

F. J. Graham (John E. Williams, on brief), for appellant.
C. J. Serkland, for respondent.

BURKE, J.   In this action, the state of North Dakota sued the defendant Whitver, as administrator of the estate of Emily Eliza Counsell, deceased, to recover the sum of $251 and interest for old-age assistance granted to James B. Counsell, husband of the deceased, during his lifetime.

James Counsell and Emily Counsell, his wife, were in 1936, residents of Dickey county, aged eighty-five and sixty-nine years respectively and unable to support themselves.   On May 15, 1936, they both made application to the Dickey County Welfare Board for old-age assistance.   At that time their sole property consisted of a residence of which Emily Counsell was the record owner and a life insurance policy upon the life of James Counsell in the sum of $1,500.   The residence was mortgaged for its approximate value.   This mortgage has since been foreclosed and there is no equity of redemption.   The policy of insurance was not paid up and the premium thereon was $5.33 per month.

Both applications were granted and commencing with June 1936, James Counsell and Emily Counsell each received old-age assistance in the amount of $18 per month.   In December, 1936, the amount paid

to James Counsell was increased to $25 per month, at which rate, payment was continued until his death, the last payment having been made in May, 1937. Upon the death of James Counsell, Emily Counsell received the sum of $1,258 as the beneficiary of his life insurance policy. Thereafter she continued to receive old-age assistance at the same monthly rate until her death in September, 1938. In all the sum of $251 was paid as old-age assistance to James Counsell and $486 to Emily Counsell. At the time of Emily Counsell's death there remained of the proceeds of the insurance upon her husband's life, the sum of $830. After the appointment of the defendant, Whitver, as administrator of Emily Counsell's estate, the Public Welfare Board caused separate claims to be filed against her estate, in the name of the state of North Dakota for the amount of the old-age assistance given to her and for the amount given to her husband. The defendant administrator allowed the claim for the assistance given to Emily Counsell and disallowed the claim for assistance given to her husband. Upon receiving notice of the claim's disallowance plaintiff brought this suit thereon in the district court of Dickey county. Trial of the case resulted in a judgment for the defendant for the dismissal of the action. Plaintiff has appealed from the judgment.

. There is but one question in the case. Do the statutes of this state impose a liability upon an indigent wife for old-age assistance furnished by county and state welfare boards to her husband? Plaintiff claims that such a liability exists and predicates its claim upon § 4409, subsection 2 of § 4414 Supp. Comp. Laws 1913, and § 21 of chapter 211, N. D. Laws 1937. These statutes are as follows:

Section 4409: "The husband must support himself and his wife out of his property or by his labor. The wife must support the husband when he has not deserted her out of her separate property, when he has no separate property and he is unable from infirmity to support himself."

Subsection 2 of § 4414: "The earnings of the wife are not liable for the debts of the husband, and the earnings and accumulations of the wife and of her minor children living with her, or in her custody, while she is living separate from her husband, are the separate property of the wife; provided, however, that husband and wife shall be jointly and severally liable for any debts contracted by either while

living together, for necessary household supplies, of food, clothing and fuel and for shelter for themselves and family, and for the education of their minor children."

Section 21, Chapter 211, ND Laws 1937: "On the death of any recipient, the total amount of assistance paid under this Act shall be allowed as a preferred claim against the estate of such person in favor of the state, after funeral expenses, not to exceed One Hundred and Twenty-five ($125.00) Dollars have been paid and after the expense of administering the estate has been paid. No claim shall be enforced against any real estate of a recipient while it is occupied by the surviving spouse or a dependent, nor shall any claim be enforced against any personal property necessary for the support, maintenance or comfort of a surviving spouse or a dependent."

As we view it none of these statutes imposes the claimed liability. Section 4414 makes a husband and wife jointly and severally liable for debts, contracted while living together, for necessary household supplies of food, clothing, fuel, and shelter. Clearly if the husband contracted a debt to the state by making application for and receiving old age assistance, it was a debt for the money received and not one for necessary household supplies of food, clothing, fuel, and shelter. 30 CJ 612; 26 Am Jur 975, Husband and Wife; Davis v. Ritchey, 55 Iowa 719, 8 NW 669.

The obligation imposed upon a wife by § 4409 is for the support of her husband out of her separate property when he has no separate property and is unable from infirmity to support himself. The obligation is a conditional one. Construing an identical statutory provision the supreme court of California has said, "Primarily the husband is the breadwinner, and assumes the responsibility for the support of the family, and he becomes the owner of the marital accumulations. But in the exceptional case provided for in § 176 of the Civil Code the burden of maintenance shifts to the wife." Livingston v. Superior Ct. 117 Cal 633, 49 P 836, 38 LRA 175. The obligation of support falls upon the wife in the circumstances set forth in the statute, that is to say, when she has separate property and the husband is unable to support himself.

Assuming but not deciding that the obligation created by § 4409, supra, is one which may be enforced by third parties in the same man-

ner as the obligation of a child to support his parents (see Bismarck Hospital v. Harris, 68 ND 374, 280 NW 423, 116 ALR 1274) plaintiff has nevertheless failed in this case to establish the circumstances which under the statute were necessary to cast the burden of support upon the wife. On the contrary, the record affirmatively shows that during all of the time her husband was receiving old-age assistance, Emily Counsell had no separate property or income and was also dependent upon an old-age assistance grant for her support.

Since she was not able to furnish support, she was under no obligation to do so and therefore incurred no liability for the support which was furnished. In cases of this kind liability arises upon a promise implied by law following a breach of a statutory obligation. 48 CJ 519; 7 CJS 115; 4 Am Jur 501, Assumpsit. And the fact that she acquired some property, after the assistance to her husband had been discontinued, would not operate to create a liability which did not exist at the time the assistance was furnished.

With respect to § 21 of chapter 211, supra, we think it sufficient to say that it merely imposes a liability upon the estate of a recipient of old-age assistance and has no application in this case.

The judgment of the district court is affirmed.

Burr, Ch. J., and Nuessle, Christianson, and Morris, JJ., concur.