[File No. 6833.]

THE STATE OF NORTH DAKOTA, Respondent, v. L. J. WEHE, as Administrator of the Estate of Albert L. Kershaw, Deceased, Appellant.

(5 NW(2d) 311.)

Opinion filed August 14, 1942. Rehearing denied August 29, 1942.

*L. J. Wehe, (Nelson A. Mason,* of counsel), for appellant.

*Alvin C. Strutz,* Attorney General, *George S. Register,* State's Attorney, and *J. A. Hyland,* Assistant State's Attorney, for respondent.

BURR, Ch. J. The state brings this action to recover from the estate of Albert L. Kershaw, deceased, for assistance furnished to the deceased. The case was tried to the district court without a jury and judgment was rendered against the defendant for $639 and interest and costs. The administrator appeals demanding a trial de novo.

The facts are well established. May 7, 1936, the decedent applied to the Public Welfare Board for old age assistance. The application was approved and from June 1, 1936, until July 1, 1938, the day of his death, the applicant was furnished old age assistance in the amount of $666—$378 of this being furnished after May 1, 1937.

"The Public Welfare Board of North Dakota for the State of North Dakota," presented to the administrator a verified claim for $666 and interest. On June 30, 1939, the administrator disapproved the claim, stating: "The whole of said claim . . . has been investigated, and is hereby rejected in all things. That the same is not a valid claim against the deceased's estate; and that the same is not properly made out and does not comply with law in the filing and presentation of claims, and in form and substance required to be stated therein. That proof of claim attempts to cover a period from June 1, 1936 to June 30, 1938, for Old Age Assistance Pension by the state granted to deceased, with no itemized account or other vouchers upon which the claim is based."

The county judge "disapproved and disallowed (the claim) in its entirety for the reason that it is so disallowed and disapproved by the administrator after notice as required by law." Upon this disallowance the action was brought to establish the claim.

There are numerous assignments of error dealing with rulings on the admission of evidence. We have examined all of these and find them without merit.

The defendant had demurred to the complaint, stating, among other things, that the district court had no "jurisdiction of the person of the defendant" and that "there is a defect of parties plaintiff." The court overruled the demurrer and in the specifications of error appellant raises the same issues. There is no merit in the contention the court had no jurisdiction over appellant. We need not discuss this point.

The objection to parties plaintiff is based on the assertion that part of the money used in paying old age assistance is derived from the Federal government and therefore the United States ought to be made one of the parties plaintiff. It is true the Federal government give a grant to the State; but there is no merit in the contention. The claim against the estate exists in favor of the State. Session Laws 1937 § 21, chap. 211. This section provides: "On the death of any recipient, the total amount of assistance paid under this Act shall be allowed as a preferred claim against the estate of such person in favor of the State, after funeral expenses not to exceed One Hundred and Twenty-five ($125.00) Dollars have been paid and after the expense of administering the estate has been paid."

Sec. 8544a11 Supp. deals with proof of claims against an estate, and provides, among other things: "Every claim which is due when presented . . . must be supported by the affidavit of the claimant or some one in his behalf. . . . When the affidavit is made by a person other than the claimant he must set forth in the affidavit the reason why it is not made by the claimant. The executor or administrator may also require satisfactory vouchers or proof to be produced in support of the claim. If the claim is founded on a bond, bill, note or other instrument, a copy of such instrument must accompany the claim. . . ."

Appellant contends that the claim filed with the administrator was not "supported by the affidavit of the claimant or someone in his behalf." The claim presented is one made by the state, showing the estate indebted to it for the payments claimed; is signed by Lyman Baker, the "Supervisor, Division of Accounting, Finance and Reports," and is verified by E. A. Willson, the "Executive Director of the Public Wel-

fare Board of North Dakota, in behalf of the State of North Dakota." Appellant contends we thus have "two different parties signing the claim." There is no merit in this contention.

The second main objection is that in filing this claim the State did not attach thereto copies of the application for assistance and the other papers upon which the allowance was made, it being the contention of the appellant that this "claim is founded on a bond, bill, note or other instrument," particularly the latter. There is no merit in this contention. This is a claim for money. True, before granting assistance there was an application made, but the application is for such assistance as the Public Welfare Board, in its discretion, is authorized to allow, if any. If the administrator was not satisfied with the truth of the statements made in the sworn claim, he had the right, under a provision of the section quoted, to "require satisfactory vouchers or proof to be produced in support of the claim." He did not require the production of such proofs or vouchers before rejecting the claim, and there is no dispute but what the state furnished old age assistance, nor any dispute as to the amount furnished per month; though some question is raised as to whether recovery could be had for a portion of the time specified.

The only specification of error having merit is based upon the facts that the deceased applied for old age assistance in May 1936, that a portion of the payments was made prior to May 1, 1937, the date when chap. 211 of the Session Laws 1937 went into effect, and that this action is brought under the provision of said chapter, whereas the application was made in 1936.

We are not concerned with the contention that the application was made prior to the enactment of this chapter. The State is entitled to recover for "the total amount of assistance paid under this Act." From May 1, 1937, to the time of his death decedent received "assistance" under this Act. The only question to determine in this case is, "the total amount of assistance paid under this Act" as shown by the evidence.

The trial court allowed the claim in the sum of $639.00, with interest, from and after July 1, 1938. This amount is in excess of the "assistance paid under this Act." Decedent was paid $27 per month from May 1, 1937, to July 1, 1938, a period of fourteen months. The claim

presented shows this.    The claim should have been allowed in the sum of $378.

The plaintiff, therefore, is entitled to judgment showing that it has a claim against this estate in the sum of $378, with interest since July 1, 1938, and that this is a preferred claim after the payment of the limited funeral expense and the expense of administering the estate.    The judg-ment will be modified accordingly and with this modification, the judg-ment is affirmed.

CHRISTIANSON, MORRIS, BURKE, and NUESSLE, JJ., concur.