Zimmerman, J.
 

 As stated by the plaintiff in its brief, the only question involved in this case is wheth
 
 *188
 
 er the estate of Mrs. Arnold is liable under Section 1359-1
 
 et seq.,
 
 General Code, for the financial aid furnished her husband during his lifetime, regardless of whether she entered into a contractual obligation to repay the same.
 

 Section 1359-7, General Code (119 Ohio Laws, 238, 241), effective August 14, 1941, relied on by the plaintiff, reads as follows:
 

 “Upon the death of a person, the total amount of aid paid to said person and to his or her spouse under this act, shall be a preferred claim against the estate of' such deceased person, having priority and preference over all unsecured claims except the bill of the funeral director not exceeding two hundred dollars, the expense of the last sickness and those of administration, and the allowance made to the widow and children for their support for twelve months.”
 

 As originally enacted in 1933, Section 1359-7, General Code (115 Ohio Laws, pt. 2, 431, 433), provided:
 

 “Upon the death of a person, the total amount of aid paid to him under this act and to his or her spouse, with interest thereon at four per centum per annum, shall be a debt of the estate of such deceased person;” etc.
 

 In 1937 (117 Ohio Laws, 317, 318), the statute was amended so as to contain a disjunctive feature, and stated:
 

 “Upon the death of a person, the total amount of aid paid.to said person and/or to his or her spouse under this act, shall be a preferred claim against the estate of such deceased person,” etc.
 

 Then in 1941 the statute was again amended and now reads according to the first quotation above.
 

 In reaching a decision in this case it is to be borne in mind that there is no constitutional or common-law duty on the part of the state or any governmental unit to support poor and destitute persons. The whole
 
 *189
 
 matter of relief for the needy is purely statutory.
 
 People, ex rel. Heydenreich,
 
 v.
 
 Lyons,
 
 374 Ill., 557, 30 N. E. (2d), 46, 132 A. L. R., 511. Hence, the statutes are the only authority which may be looked to in seeking recovery from a relative of an aged person on account of governmental aid extended such person, or in seeking recoupment from the estate of the recipient of such aid, after his death. If there is no statute authorizing it, there can be no recovery.
 
 Alameda County
 
 v.
 
 Janssen,
 
 16 Cal. (2d), 276, 106 P. (2d), 11, 130 A. L. R., 1141;
 
 City of Worcester
 
 v.
 
 Quinn,
 
 304 Mass., 276, 23 N. E. (2d), 463, 125 A. L. R., 707.
 

 As interpreted by the plaintiff, Section 1359-7, General Code, has the following meaning with reference to the instant case:
 

 Upon the death of Allie E. Arnold the total amount of aid paid to her and the total amount of aid paid to her spouse, Archibald A. Arnold, under this act, shall be a preferred claim against the estate of such deceased person,
 
 vis.,
 
 Allie E. Arnold.
 

 That interpretation would correspond with subdivision 10 of Section 3391-2, General Code, and with Sections 125 (as amended by Laws 1936, c. 426) and 128 (as amended by Laws 1936, c. 463), of the Public Welfare Law of New York, which provide that the husband, wife, father, mother, etc., of a recipient of public relief, if of sufficient ability, shall be responsible for the support of such person, and authorize recovery against the designated relatives or their estates for the amount of the relief furnished.
 

 The defendant insists that the statute as last amended is intended to affect only the estate of a recipient of aid, and should be interpreted as follows:
 

 Upon the death of Archibald A. Arnold, the total amount of aid paid to him,
 
 vis.,
 
 $1,659.60, and to his spouse, Allie E. Arnold, under this act, which was noth
 
 *190
 
 ing, shall be a preferred claim against the estate of such deceased person,
 
 viz.,
 
 Archibald A. Arnold.
 

 Compare
 
 Dimke
 
 v.
 
 Finke, Dir.,
 
 209 Minn., 29, 295 N. W., 75;
 
 State
 
 v.
 
 Whitver, Admr.,
 
 71 N. D., 664, 3 N. W. (2d), 457;
 
 State
 
 v.
 
 Wehe,
 
 72 N. D., 186, 5 N. W. (2d), 311.
 

 As sustaining his position, the defendant points out that the General Assembly in changing the language “and/or” to “and” must be presumed to have intended to change the effect and operation of the law and that such change lends force to his construction of the statute (citing
 
 Malone
 
 v.
 
 Industrial Commission,
 
 140 Ohio St., 292, 299, 43 N. E. [2d], 266, 270, and other cases); that the latter part of Section 1359-15a, General Code, and Title 42, Chapter 7, Section 303 (2), (B), U. S. Code, a part of the Social Security Act, taken together indicate an intention that reimbursement shall be sought only from the estates of deceased persons who have received aid
 
 (County Dept. of Public Welfare of Allen County
 
 v.
 
 Potthoff,
 
 220 Ind., 574, 44 N. E. [2d], 494); and that at the time of the passage of Section 1359-7, General Code, in its existing form, the last paragraph of Section 1359-21, General Code, containing provisions designed to secure reimbursement of the amount, of aid extended to'an aged recipient from those legally responsible for his maintenance, was repealed.
 

 It must be confessed that the enactment under examination is ambiguous and uncertain. Since it operates to create a liability it should be strictly construed in favor, of the .one sought to be subjected to its terms. 59 Corpus Juris, 1129, Section 668.
 

 Applying,, then, the rule of strict construction and considering the indefinite character of the statute, we ■think the judgments of ’the lower courts are supportable.'
 

 
 *191
 
 Plaintiff places some reliance on Section 7997, General Code, which recites:
 

 “The husband must support himself, his wife, and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able.”
 

 This statute appears in the chapter of the General Code entitled “Husband and Wife” and is inapplicable to the present controversy. It does not create a legal liability against the wife for necessaries supplied the husband in the absence of an agreement on her part to be bound and where no circumstances are shown which would raise a presumption that she intended to pay. 21 Ohio Jurisprudence, 363, Section 36.
 

 Under this statute, a wife must assist her husband only so far as she is able. At the time Archibald A. Arnold received aid, Section 1359-2, General Code, stipulated that aid could be furnished to an individual only in the event the Division of Aid for the Aged determined there was no spouse, or other person made liable by law for the support of such individual, able to furnish assistance. The fact that aid was granted to Archibald A. Arnold would indicate a determination that his wife was not in a position to help him.
 

 Finding no reversible error in the judgment of the Court of Appeals, such judgment is affirmed.
 

 Judgment affirmed.
 

 Hart, Bell, Williams and Turner, JJ., concur.