[File No. 7151]

MRS. CHRISTINA WEBER, Petitioner and Respondent, v. JOHN WEBER, Mrs. Lydia Korchoff, Mrs. Regina Schidler, Mrs. Rose Whitelock, Mrs. Magdalena Lein, Mrs. Willard Olson and Emma Weber, Respondents, and The Public Welfare Board of the State of North Dakota, Appellant.

(42 NW2d 67)

Opinion filed February 24, 1950

*Mr. Wallace E. Warner,* Attorney General, *John E. Williams, George S. Register,* State's Attorney, and *J. A. Hyland,* Assistant State's Attorney, for appellant.

*Murray & Murray,* for petitioner and respondent, for respondents.

Per Curiam. This appeal involves a claim of the Public Welfare Board of North Dakota against the Estate of John Weber, Sr. who died intestate on December 10, 1939. For some years prior to his death he had received Old Age Assistance through the Public Welfare Board of North Dakota in the sum of $15.00 per month. The claim involves the portion of such assistance

that was paid from May 1, 1937 to December 10, 1939, amounting to $450.00, together with interest from June 10, 1940 (six months after death), amounting to $117.85, making total claim of $567.85. The right to file the claim is based on Section 21, Chapter 211, Session Laws ND 1937, which in part provides, "On the death of any recipient, the total amount of assistance paid under this Act shall be allowed as a preferred claim against the estate of such person in favor of the State, after funeral expenses, not to exceed One Hundred and Twenty-five ($125.00) Dollars have been paid and after the expense of administering the estate has been paid." Substantially the same provision now appears in Section 50–0734, RCND 1943.

In compliance with an order of the County Court of Burleigh County, the administratrix, Emma Weber, caused a notice to creditors to be published in the form prescribed by Section 30–1802, RCND 1943, for three successive weeks, beginning December 5, 1946. This notice fixed June 25, 1947 at ten o'clock a. m. as the time for hearing and adjusting all claims against the estate of the deceased, and all persons interested in the estate were required to show cause why the claims should not be allowed. The appellant's claim was filed in the office of the Judge of the County Court of Burleigh County January 27, 1947. Emma Weber, administratrix of the Estate of John Weber, Sr., deceased, by her attorneys Murray & Murray, filed an objection to the allowance of this claim in writing. On August 24, 1948, the administratrix entered on the claim an endorsement of rejection and on the same date the claim was also rejected by the county judge. The judge of the county court in his order of August 24, 1948, recites that the claim is "disallowed in its entirety by reason of the statute of limitations."

The Welfare Board, aggrieved, sought to appeal to the District Court and in that behalf prepared and served a notice of appeal on the attorneys for the administratrix, Emma Weber, who admitted service thereof.

Thereafter the case came on for trial in the District Court of Burleigh County. The attorneys for the administratrix, appearing specially, objected to the jurisdiction of the court to hear the case on the ground that the appeal had not been prop-

erly perfected. The court reserved ruling on this special appearance and objection. Counsel then stipulated that the jury be waived and the case be tried to the court. Thereafter the court after a trial upon the merits ruled that the objection to its jurisdiction was good, but held that in any event, the appellant's claim was barred by the statute of limitations, and affirmed the order of the County Court. Judgment to this effect was entered. The case is here on appeal from the judgment.

In this court the administratrix moved to dismiss the appeal from the District Court on the ground that the appeal had not been properly perfected. Ruling on this motion being reserved, the merits were fully argued by both sides.

Disregarding the procedural questions that are raised and considering only the merits of the controversy, that is, as to whether the order entered by the County Court disallowing the claim of the appellant was correct, we are of the opinion that the judgment of the District Court so holding, must be affirmed.

It is undisputed that between the first day of May, 1937, and the tenth day of December, 1939, the Public Welfare Board of North Dakota furnished the deceased Old Age Assistance in the amount of $450.00 and that no part thereof has been repaid. The respondent contends that this claim is barred by the statute of limitations. The amount of Old Age Assistance furnished to the decedent became a preferred claim against his estate. Section 21, Chapter 211, SLND 1937. State v. Wehe, 72 ND 186, 5 NW2d 311. It should have been allowed as a claim against the estate unless it is barred by the statute of limitations as the respondent claims, under the provisions of Section 28–0116, RCND 1943, which requires certain actions to be commenced within six years after the cause of action accrued. The respondent also points out that under the provisions of Section 30–1809, RCND 1943, the running of the statute of limitations is suspended following the death of a decedent only until a creditor is authorized to apply for letters of administration. The claim of the Public Welfare Board came into existence as a charge against the estate upon the death of the decedent. It is clear from the record that more than six years elapsed from the time that the claimant could have applied for letters of administra-

tion as a creditor until the claim was presented. It would be barred by the statute of limitations if that statute is applicable to the claim.

The Public Welfare Board of North Dakota is an agency of the state acting in its governmental capacity. The claim is in fact the claim of the state. The entire obligation that the state has assumed toward aged persons is strictly statutory. The State has no constitutional or common law duty to provide old age assistance. Division of Aid For The Aged, Department of Public Welfare v. Hogan, 143 Ohio St 186, 54 NE2d 781. The establishment of such assistance rests upon the permissive authority of Section 185 of the North Dakota Constitution, to loan or give its credit or make donations in aid of the reasonable support of the poor. Prior to the enactment of Chapter 211, SLND 1937, no provision was made for the recovery of old age assistance from the estate of the recipient. Thus this recovery is clearly based upon a liability created by statute and comes squarely within the limitations prescribed by paragraph 2 of Section 28–0116, RCND 1943.

"It has become a settled rule of American jurisprudence that periods of limitation do not run against a state unless the statute expressly or by the clearest implication includes the state." Rosedale School District v. Towner County, 56 ND 41, 216 NW 212.

This general rule, however, affords the State no protection here for the State, itself, has by Section 28–0123, RCND 1943, provided that "The limitations prescribed in this chapter shall apply to actions brought in the name of the state, or for its benefit, in the same manner as to actions by private parties."

The appellant also points to Section 50–0121, which provides that county funds used for certain specified relief purposes shall not be considered gifts and the county shall have a general claim against the estate of any person for whom such funds are expended and the statute of limitations shall not run against such claim. The fact that the county may be required to reimburse the State for a portion of the expenditures for old age

assistance does not render the statute of limitations inapplicable to the appellant's claim.

Accordingly, the judgment of the District Court affirming the order of the County Court disallowing the claim is affirmed.

NUESSLE, C. J., BURKE, MORRIS and CHRISTIANSON, JJ., and BRODERICK, Dist. J., concur.

GRIMSON, J., did not participate.