[1] Reported in 72 N.W.2d 360.
This is an appeal from a judgment of the District Court of Hennepin County affirming the order of the probate court allowing the claim of said county in the sum of $865.61 against the estate of Peter H. Eggert, deceased.
The facts of this case are not in dispute. Peter H. Eggert and Louise B. Eggert, husband and wife, were the recipients of old age assistance from the Hennepin County Welfare Board in the amounts of $1,164.10 and $865.61 respectively. During their lifetimes they were the owners in joint tenancy of certain real property located *Page 402 
within said county. Mrs. Eggert predeceased her husband by approximately four months.
Upon the death of Mr. Eggert the county filed a claim against his estate in the sum of $2,029.71, representing the amount of old age assistance furnished to both Mr. Eggert and his wife, Louise Eggert. The amount of old age assistance furnished to Mr. Eggert ($1,164.10) has been paid by the administrator of his estate and is not here in dispute. The only issue before us is whether the district court was right in affirming the order of the probate court which allowed the claim against the estate of Peter H. Eggert for the old age assistance paid to his deceased wife.
The county relies on M.S.A. 256.25 to substantiate its claim. That statute is as follows:
"On the death of any person who received any old age assistance under this or any previous old age assistance law of this state, or on the death of the survivor of a married couple, either or both of whom received old age assistance, the total amount paid as old age assistance to either or both, without interest, shall be allowed as a claim against the estate of such person or persons by the court having jurisdiction to probate the estate. * * *"
The appellant contends that § 256.25 must be read in conjunction with § 256.26. The latter section applies to recipients of old age assistance who own real estate and provides that no recipient shall be paid old age assistance without first giving the county a lien on the recipient's real property located within the state. The second paragraph of § 256.26, subd. 6, reads as follows:
"In case of the death of the recipient the debt secured by such lien shall be a claim against his estate * * *." (Italics supplied.)
Appellant argues that the word "debt" as used in the foregoing statute refers to the debt or claim specified in § 256.25. It is not disputed that Mr. Eggert, upon his wife's death, became the sole owner of the real property they had held in joint tenancy, free and clear of the old age assistance lien theretofore existing against the *Page 403 
property for the amount of aid furnished Mrs. Eggert.[2] Appellant asserts that because the lien was extinguished the debt which the lien secured was also extinguished since there was no lien to support the debt. There is no merit to this contention. The term "lien" has been generally recognized in this state to mean a hold or claim which one person has upon the property of another as security for a debt or charge.[3] Although the lien provides a remedy for enforcing the debt or claim which it secures, still it is not an essential element of the debt. Notwithstanding the fact that an action to enforce the lien may be barred, still the debt or obligation which it secured may be enforced without the aid of the lien.[4]
Moreover, the "debt" referred to in § 256.26, subd. 6, is the claim of the county against the recipient of the old age assistance. Here the county did not assert a lien or debt in the probate court against the estate of Mrs. Eggert, the recipient of the aid. Its claim was filed and allowed under § 256.25 providing, in effect, that a claim shall be allowed against the estate of the survivor of a married couple for the total amount of old age assistance paid to the spouse. It is well settled that the descent and distribution of property of a decedent is a matter within the exclusive control of the legislature. Inheritance "is not a natural or absolute right, but the creation of statute law."[5] Thus the legislature was fully empowered to enact § 256.25 making the estate of one spouse subject to the claim for public assistance granted to the other. Indeed, statutes in this state, going back to 1929, provided for recovery against the estate of the survivor for public aid furnished to the predeceased spouse.[6] *Page 404 
Section 256.26, providing for old age assistance liens, was first enacted in 1939 and became effective January 1, 1940.[7] It has remained substantially unchanged. It was manifestly enacted by the legislature to make certain that the counties would be reimbursed for the old age assistance furnished to recipients owning real property. It provides that the lien is to be for the amount paid the recipient as old age assistance and is to continue until the liability for said indebtedness has been satisfied. A recipient of old age assistance is, therefore, prevented from transferring such property during his lifetime except subject to the old age assistance lien. Thus the county is provided an effective means of enforcing recovery of old age assistance previously granted. Certainly the legislature did not intend that recovery under § 256.25 was to be jeopardized or prevented by the enactment of § 256.26.
Appellant cites State v. Whitver, 71 N.D. 664,3 N.W.2d 457, in support of his claim that old age assistance furnished one spouse is not a valid claim against the estate of the other. That case is readily distinguishable from the instant case. There the North Dakota statute provided only for the allowance of a claim against the estate of the recipient of the public aid and did not render the estate of the deceased wife liable for old age assistance received by the husband.
We conclude that § 256.25 and § 256.26 were intended to supplement each other in providing for the effective and efficient recovery of old age assistance previously granted. Thus, while the lien arising under § 256.26 was extinguished on the death of Mrs. Eggert,[8] that had no effect upon the claim authorized and permitted under § 256.25 against the estate of the survivor, Peter Eggert, for the public aid previously granted to his wife.
Judgment affirmed.
[2] See Gau v. Hyland, 230 Minn. 235, 41 N.W.2d 444, where the court, relying on the common-law rules as to joint tenancies, held that on the death of one joint tenant his interest passed to the survivor free and clear of any old age assistance lien created under M.S.A. 256.26 attaching to the interest of the deceased joint tenant during his lifetime.
[3] 11 Dunnell, Dig. (3 ed.) § 5577; Gau v. Hyland, supra.
[4] 53 C.J.S., Liens, § 1, p. 830, and cases therein cited.
[5] Jones v. Jones, 234 U.S. 615, 618, 34 S.Ct. 937, 938,58 L.ed. 1500, 1503; Uterhart v. United States, 240 U.S. 598,36 S.Ct. 417, 60 L. ed. 819; 6 Dunnell, Dig. (3 ed.) § 2719; In re Estate of Hencke, 212 Minn. 407, 4 N.W.2d 353.
[6] L. 1929, c. 47; Ex. Sess. L. 1935, c. 95, § 15.
[7] L. 1939, c. 315.
[8] See, Gau v. Hyland, 230 Minn. 235, 41 N.W.2d 444. *Page 405