2002 ND 39

**John B. DENNISON, Plaintiff and Appellant**

v.

**NORTH DAKOTA DEPARTMENT OF HUMAN SERVICES, successor to the Public Welfare Board of North Dakota, Defendant and Appellee.**

**No. 20010250.**

Supreme Court of North Dakota.

Feb. 22, 2002.

Terry W. Elhard, Ashley, for plaintiff and appellant.

Matthew Arnold Sagsveen, Assistant Attorney General, Attorney General's Office, Bismarck, for defendant and appellee.

NEUMANN, Justice.

[¶ 1] John B. Dennison appealed from an adverse summary judgment in his action against the Department of Human Services, as successor to the Public Welfare Board, to quiet title to land in McIntosh County. We hold the State's restraint on alienation, which arose from its filing of a homestead statement for old age assistance benefits paid to Dennison's predecessor in interest, is a right or interest in the land which ordinarily is excepted from the Marketable Record Title Act under N.D.C.C. § 47–19.1–11(2). However, we further hold there are unresolved issues regarding the nature and duration of the State's right or interest in the land which require determination in the context of Dennison's quiet title action. We reverse and remand for proceedings consistent with this opinion.

I

[¶ 2] In 1925, Katharina Deglau conveyed the land by warranty deed to Christoph Retzer. On August 6, 1951, Carlyle D. Onsrud, the Executive Director of the Public Welfare Board, executed a homestead statement for old age assistance benefits under N.D.R.C. § 50–0707 (1943)[1] on behalf of Christoph Retzer's wife, Magdalena Retzer. The homestead statement was recorded on August 13, 1951. It said Magdalena Retzer had applied to the McIntosh County Welfare Board for old age assistance and the County Welfare Board had approved her application for monthly payments beginning in March 1951. The statement said "Magdalena Retzer (Christoph Retzer, deceased husband, is the title owner) occupies, a homestead, which he own[ed]," described her one-third interest in the land, and further provided:

Section 50–0707 North Dakota Revised Code of 1943 provides that the Public Welfare Board of North Dakota "shall cause to be filed in the office of the Register of Deeds of the County in which such homestead is located, a statement in writing to the effect that the owner of such homestead is receiving, or about to receive, Old Age Assistance payments, and such written statement shall be signed by the Executive Director of the Public Welfare Board of

North Dakota, and after the filing of such statement any instrument of conveyance or encumbrance executed by the applicant for Old Age Assistance who is the owner of such homestead without the approval of the Public Welfare Board of North Dakota, shall be null and Void"?

NOW, THEREFORE, Notice is hereby given that, because of payments made under the provisions of the above described statute, any conveyance or encumbrance of the above described real property without the written approval of the Public Welfare Board of North Dakota, shall be null and void.

[¶ 3] By warranty deed dated August 31, 1951 and filed October 8, 1952, Magdalena Retzer conveyed her interest in the land to her seven children. There is no evidence the Public Welfare Board approved the conveyance, and it has not released its homestead statement. On October 7, 1952, a probate court issued a final decree in the probate of Christoph Retzer's estate. Under the decree, which was filed on October 8, 1952, the seven Retzer children each received an undivided one-seventh interest in the land.

[¶ 4] By warranty deed recorded on November 3, 1952, the Retzer children conveyed their interest in the land to John Martz. In 1980, Martz conveyed the land by warranty deed to himself and his wife,

---

1. Section 50–0707, N.D.R.C. (1943) provided: An applicant for old age assistance under the provisions of this chapter in no case shall be required to transfer a homestead occupied by him as such unless he or she desires to do so. A recipient of old age assistance shall not be permitted to encumber or convey such homestead without the approval in writing of the state agency. When an application for old age assistance is granted and it appears that the applicant occupies a homestead, which he owns, the state agency shall cause to be recorded, in the office of the register of deeds of the county in which such homestead is located, a statement in writing to the effect that the owner of such homestead is receiving or is about to receive old age assistance payments. Such written statement shall be signed by the executive director of the state agency. After the recording of such statement, any instrument of conveyance or encumbrance executed by such applicant for old age assistance without the approval of the state agency shall be null and void. No fee shall be charged by the register of deeds for recording such statement.

Paulina Martz, as joint tenants. John Martz died in 1985. In 1986, Paulina Martz conveyed the land by quitclaim deed to Oscar Martz as "Trustee U/A dated January 13, 1986, FBO Paulina Martz." In 1991, Oscar Martz, as trustee, conveyed the land by warranty deed to Clifford and Esther Hildebrand. In 2000, the Hildebrands conveyed the land by warranty deed to Dennison.

[¶ 5] Dennison brought this action against the Department, as successor to the Public Welfare Board, to quiet title to the land. The trial court granted the Department summary judgment, ruling "[t]he state has a recorded interest in the property and the North Dakota Marketable Record Title Act (N.D.C.C. Ch. 47–19.1) does not bar the state from asserting its interest in the property." The court concluded the Department "retains whatever interest it may have had in the property and Dennison retains the remainder of [the] interest in the property." Dennison appealed.

II

[¶ 6] Summary judgment is appropriate if either party is entitled to judgment as a matter of law, and if no dispute exists as to either the material facts or the inferences to be drawn from the undisputed facts, or if resolving disputed facts would not alter the result. *Bender v. Aviko USA L.L.C.*, 2002 ND 13, ¶ 4, 638 N.W.2d 545. The interpretation of a statute is a question of law. *Anderson v. Anderson*, 1999 ND 57, ¶ 4, 591 N.W.2d 138.

III

[¶ 7] Dennison argues the filing of the homestead statement did not create any right, title, interest, or lien in favor of the Public Welfare Board upon Magdalena Retzer's interest in the land, and therefore the Department, as successor to the Public Welfare Board, has no claim or interest in the land. Dennison argues he has marketable title under the Marketable Record Title Act, N.D.C.C. ch. 47–19.1, which bars all claims asserted by "governmental" entities unless a notice of claim was duly filed or recorded before twenty years from the recording of a root deed under N.D.C.C. § 47–19.1–05. The Department responds the filing of the homestead statement gave the State a right or interest in Magdalena Retzer's interest in the land. The Department argues the Marketable Record Title Act does not deprive the State of its right or interest under the recorded homestead statement, because the Act specifically excepts from its provisions any right, title, or interest of the State.

[¶ 8] The essence of a marketable title act is "[w]hen one person has a clear record title to land for a designated period ..., inconsistent claims or interests which arose before that period are extinguished unless the adverse claimant seasonably records a notice of his claim or interest." Paul E. Basye, *Trends and Progress–The Marketable Title Acts*, 47 Iowa L.Rev. 261, 267 (1962). Section 47–19.1–10, N.D.C.C. describes the purpose of N.D.C.C. ch. 47–19.1, North Dakota's version of the Marketable Record Title Act:

This chapter shall be construed to effect the legislative purpose of simplifying and facilitating real estate title transactions by allowing persons to deal with the record title owner as defined herein and to rely upon the record title covering a period of twenty years or more subsequent to the recording of a deed of conveyance as set out in section 47–19.1–01, and to that end to bar all claims that affect or may affect the interest thus dealt with, the existence of which claims arises out of or depends upon any act, transaction, event, or omission occurring before the recording of such deed of

conveyance, unless a notice of such claim, as provided in section 47–19.1–05, shall have been duly filed for record. The claims hereby barred shall mean any and all interest of any nature whatever, however denominated, whether such claims are asserted by a person sui juris or under disability, whether such person is or has been within or without the state, and whether such person is natural, corporate, private, or governmental.

[¶ 9] Under N.D.C.C. § 47–19.1–01, any person with legal capacity to own real estate who is in possession of land and has an unbroken chain of title to the land through himself or his immediate or remote grantors under a deed of conveyance which has been recorded for twenty years or longer is deemed to have marketable title, subject only to claims that are not extinguished or barred by N.D.C.C. ch. 47–19.1, instruments which have been recorded less than twenty years, and any encumbrances of record not barred by the statute of limitations. Section 47–19.1–11, N.D.C.C. lists exceptions to the Marketable Record Title Act and provides, in part, it "shall not be [d]eemed to affect the right, title, or interest of the state of North Dakota, or the United States, in any real estate in North Dakota." Section 47–19.1–10, N.D.C.C., allows persons dealing with a record title owner to rely on record title covering an unbroken chain of title for a period of twenty years or more after the recording of a deed of conveyance and bars "governmental" claims occurring before the recording of the deed of conveyance unless a notice of claim was filed or recorded within twenty years after the recording of the deed of conveyance.

[¶ 10] Although marketable record title bars "governmental" claims under N.D.C.C. § 47–19.1–10, the Marketable Record Title Act does not affect the right,

title, or interest of the State in any real estate in North Dakota. N.D.C.C. § 47–19.1–11(2). Our law recognizes a distinction between the State and other governmental entities. *See Bulman v. Hulstrand Const. Co., Inc.*, 521 N.W.2d 632, 638 (N.D. 1994) (identifying difference between governmental immunity for political subdivisions and sovereign immunity for State); *Kitto v. Minot Park Dist.*, 224 N.W.2d 795, 797 (N.D.1974) (abolishing governmental immunity for political subdivisions but retaining sovereign immunity of state). If possible, we construe statutes on the same subject to harmonize them to give full force and effect to the Legislature's intent. *Held v. North Dakota Workers Comp. Bur.*, 540 N.W.2d 166, 170 (N.D.1995). We construe N.D.C.C. §§ 47–19.1–10 and 47–19.1–11 together to harmonize them to generally allow marketable record title to bar "governmental" claims but specifically to not affect the right, title or interest of the State in land in North Dakota. *See also* North Dakota Title Standards (2000), Standard 18–02 (stating marketable record title does not apply to claims which are specifically excepted by N.D.C.C. ch. 47–19.1).

[¶ 11] In *Estate of Hillesland*, 86 N.W.2d 522, 525 (N.D.1957), this Court said the filing of a homestead statement under N.D.R.C. § 50–0707 (1943) did not create a statutory lien upon the property of a person receiving old age assistance, because the statute was intended to abolish the practice of requiring a lien or mortgage upon homesteads as security for moneys advanced for old age assistance. Rather, this Court said the homestead statement provided for a restraint on alienation. *Hillesland*, at 525. Under N.D.R.C. § 50–0707(1943), a recipient of old age assistance benefits could not encumber or convey a homestead without approval of the State and any conveyance

or encumbrance by an applicant whose application was granted was null and void. Under *Hillesland* and N.D.R.C. § 50–0707(1943), the State's homestead statement was not tantamount to a lien, and the issue in this case is whether the State's homestead statement affects the right, title, or interest of the State within the meaning of the exception in N.D.C.C. § 47–19.1–11(2).

[¶ 12] Under N.D.C.C. § 47–19–01, any instrument affecting the title to or possession of real property is entitled to be recorded. *See also* N.D.R.C. § 47–1901 (1943). A homestead statement was entitled to be recorded under N.D.R.C. § 50–0707 (1943). Because a homestead statement was entitled to be recorded, it follows that the Legislature intended a homestead statement to be an instrument affecting title to or possession of real property.

■ [¶ 13] Moreover, we construe technical words and phrases according to the peculiar and appropriate meaning acquired in law. N.D.C.C. § 1–02–03; *Broderson v. Boehm*, 253 N.W.2d 864, 867 (N.D.1977). In the context of property law, a "right" is a "legally enforceable claim of one person against another, that the other shall do a given act or shall not do a given act," and an interest "generically ... include[s] varying aggregates of rights, privileges, powers and immunities and distributively ... mean[s] any one of them." Restatement of the Law of Property §§ 1 and 5 (1936). *See also* Blacks Law Dictionary 816, 1322 (7th ed.1999). Those meanings under property law guide our interpretation of "right" and "interest" in N.D.C.C. § 47–19.1–11(2).

■ [¶ 14] Generally, one of the incidents of ownership of property is the right to convey it. *See Holien v. Trydahl*, 134 N.W.2d 851, 855 (N.D.1965). *See generally* 61 Am.Jur.2d, *Perpetuities and Restraints on Alienation* § 100 (1981). The State's restraint on alienation of this land precludes a recipient of old age assistance from doing a given act with the land, i.e., encumbering or conveying it, and is a "right" or "interest" in the context of property law. The State's homestead statement provided the State with a restraint on alienation, which affects the right or interest of the State in real estate in North Dakota within the meaning of N.D.C.C. § 47–19.1–11(2). The trial court therefore did not err to the extent it decided the State "retains whatever interest it may have had in the property and Dennison retains the remainder of [the] interest in the property."

[¶ 15] However, the nature, extent, and duration of the State's right or interest in the land has not yet been decided in Dennison's quiet title action. Section 32–17–01, N.D.C.C., authorizes a person with an interest in real property to bring a quiet title action against any other person claiming an interest in the property to determine adverse claims. In *State v. Amerada Petroleum Corp.*, 71 N.W.2d 675, 679 (N.D. 1955), this Court said a quiet title action is a direct action to determine what, if any, interest each party has in a tract of land, and a court's decision shall adjudicate the nature and extent of the parties' claims and shall determine the validity, superiority, and priority of the claims. *See* N.D.C.C. § 32–17–10.

■ [¶ 16] Under N.D.R.C. § 50–0707 (1943), an applicant for old age assistance was not required to transfer a homestead in exchange for assistance, *see Hillesland*, 86 N.W.2d at 525; a "recipient" of old age assistance was not permitted to encumber or convey a homestead without approval in writing of the state agency; and any instrument of conveyance or encumbrance executed by "such applicant" for old age assistance without the

approval of the state agency was null and void. The State's restraint on alienation effectively ran against the recipient of old age assistance benefits and not against the land itself. As a recipient of old age assistance benefits, Magdalena Retzer's conveyance of her interest in the land to her children was void. However, the language of N.D.R.C. § 50-0707 (1943) does not void an instrument of conveyance executed by someone other than a recipient or applicant for old age assistance benefits, and a transfer evidenced by a court order or personal representative's deed was not rendered void by the language of that statute. Under N.D.R.C. § 50-0734 (1943), when a recipient of old age assistance died, the State, subject to funeral, last illness, and administrative expenses, had a preferred claim against the recipient's estate for the amount of old age assistance paid under N.D.R.C. ch. 50-07(1943). *See also Shuck v. Shuck,* 77 N.D. 628, 44 N.W.2d 767 (1950); *State v. Wehe,* 72 N.D. 186, 5 N.W.2d 311 (1942); *State v. Whitver,* 71 N.D. 664, 3 N.W.2d 457 (1942). Section 50-0734 N.D.R.C. (1943), cross-referenced N.D.R.C. § 30-1818 (1943) for the order of payment of claims against an estate.

[¶ 17] Here, the record is silent about the total amount of old age assistance Magdalena Retzer received; when, or if she has died; and if she has died, whether the State pursued a claim against her estate, or whether the time has expired for a claim against her estate. Those issues must be resolved in the context of Dennison's quiet title action and the Marketable Record Title Act to fully determine the adverse claims to this land.

[¶ 18] We reverse the judgment and remand for proceedings consistent with this opinion.

[¶ 19] VANDE WALLE, C.J., MARING, KAPSNER, JJ., and JOHN C. McCLINTOCK, Jr., District Judge, concur.

[¶ 20] The Honorable JOHN C. McCLINTOCK, Jr., District Judge, sitting in place of SANDSTROM, J., disqualified.