2003 ND 10

**John B. DENNISON, Plaintiff and Appellee**

v.

**NORTH DAKOTA DEPARTMENT OF HUMAN SERVICES, successor to the Public Welfare Board of North Dakota, Defendant and Appellant.**

**No. 20020186.**

Supreme Court of North Dakota.

Jan. 23, 2003.

* The Honorable James M. Bekken, D.J., sitting in place of VandeWalle, C.J., disqualified.

**26**

Terry W. Elhard, Ashley, N.D., for plaintiff and appellee.

Matthew Arnold Sagsveen, Assistant Attorney General, Bismarck, N.D., for defendant and appellant.

MARING, Justice.

[¶ 1]   The North Dakota Department of Human Services, as successor to the Public Welfare Board, appealed from a judgment quieting title to land in McIntosh County to John B. Dennison.  We affirm.

I

[¶ 2]   In 1925, Katharina Deglau conveyed a tract of land in McIntosh County to Christoph Retzer.  On August 6, 1951, Carlyle D. Onsrud, the executive director of the Public Welfare Board, executed a homestead statement for old-age assistance benefits under N.D.R.C. § 50–0707 (1943) on behalf of Christoph Retzer's wife, Magdalena Retzer.  The homestead statement, which was recorded on August 13, 1951, said Magdalena Retzer had applied to the McIntosh County Welfare Board for benefits, and the County Welfare Board had approved her application in March 1951.  The statement said "Magdalena Retzer (Christoph Retzer, deceased husband, is the title owner) occupies, a homestead, which he own[ed]," described Magdalena Retzer's one-third interest in the land, and said any conveyance or encumbrance of the land by Magdalena Retzer without the approval of the Public Welfare Board would be null and void.

[¶ 3]   By warranty deed, dated August 31, 1951 and recorded October 8, 1952, Magdalena Retzer conveyed her interest in the land to her seven children.  There is no evidence the Public Welfare Board approved the conveyance, and it has not released its homestead statement.  On October 7, 1952, a probate court issued a final decree in the probate of Christoph Retzer's estate.  The decree, which was recorded on October 8, 1952, acknowledged that Magdalena Retzer had conveyed all her interest in her husband's estate to the seven Retzer children and said they each received an undivided one-seventh interest in the land.

[¶ 4]   The Retzer children conveyed their interest in the land to John Martz by warranty deed recorded on November 3, 1952.  In 1980, Martz conveyed the land by warranty deed to himself and his wife, Paulina Martz, as joint tenants.  John Martz died in 1985.  In 1986, Paulina Martz conveyed the land by quitclaim deed to Oscar Martz, as her trustee, and in 1991, he conveyed the land by warranty deed to Clifford and Esther Hildebrand.  In 2000, the Hildebrands conveyed the land by warranty deed to Dennison.

[¶ 5] Dennison brought this action against the Department, as successor to the Public Welfare Board, to quiet title to the tract of land. The trial court initially granted the Department summary judgment, ruling, "[t]he state has a recorded interest in the property and the North Dakota Marketable Record Title Act (N.D.C.C. Ch. 47–19.1) does not bar the state from asserting its interest in the property." The court concluded the Department "retains whatever interest it may have had in the property and Dennison retains the remainder of [the] interest in the property."

[¶ 6] In *Dennison v. North Dakota Dept. of Human Servs.*, 2002 ND 39, ¶ 1, 640 N.W.2d 447, we held the State's restraint on alienation was a right or interest in the land which ordinarily was excepted from the Marketable Record Title Act under N.D.C.C. § 47–19.1–11(2). We also held there were unresolved issues regarding the nature and duration of the State's right or interest in the land, which required determination in the context of Dennison's quiet title action. *Dennison*, at ¶¶ 1, 17. We said the record was silent about the total amount of old-age assistance Magdalena Retzer received; when or if she has died; and if she has died, whether the State pursued a claim against her estate, or whether the time has expired for a claim against her estate. *Id.* at ¶ 17. We said those issues must be resolved in the context of Dennison's quiet title action and the Marketable Record Title Act to fully decide the adverse claims to the tract of land, and we reversed the judgment and remanded for further proceedings. *Id.* at ¶¶ 17–18.

[¶ 7] On remand, the trial court found Magdalena Retzer received $4,638 in old-age assistance, she died at the age of 79 on August 21, 1959, no probate was filed to administer her estate, and the State did not pursue a claim against her estate. The court found the State had a legitimate claim against Magdalena Retzer, but failed to pursue the claim in a timely manner and the land was no longer subject to the State's claim. The court quieted title in the land to Dennison. The Department appealed.

## II

[¶ 8] The Department argues the State's interest in the land survives until affirmatively relinquished, and no statutory limitation or bar extinguishes that interest in the land.

[¶ 9] In *Dennison*, 2002 ND 39, ¶ 16, 640 N.W.2d 447, we said:

> The State's restraint on alienation effectively ran against the recipient of old age assistance benefits and not against the land itself. As a recipient of old age assistance benefits, Magdalena Retzer's conveyance of her interest in the land to her children was void. However, the language of N.D.R.C. § 50–0707 (1943) does not void an instrument of conveyance executed by someone other than a recipient or applicant for old age assistance benefits, and a transfer evidenced by a court order or personal representative's deed was not rendered void by the language of that statute. Under N.D.R.C. § 50–0734 (1943), when a recipient of old age assistance died, the State, subject to funeral, last illness, and administrative expenses, had a preferred claim against the recipient's estate for the amount of old age assistance paid under N.D.R.C. ch. 50–07 (1943). *See also Shuck v. Shuck*, 77 N.D. 628, 44 N.W.2d 767 (1950); *State v. Wehe*, 72 N.D. 186, 5 N.W.2d 311 (1942); *State v. Whitver*, 71 N.D. 664, 3 N.W.2d 457 (1942). Section 50–0734 N.D.R.C. (1943), cross-referenced N.D.R.C. § 30–

1818 (1943) for the order of payment of claims against an estate.

[¶ 10] Under *Estate of Hillesland,* 86 N.W.2d 522, 525 (N.D.1957), a homestead statement was not a statutory lien on the property of a person receiving old age assistance; rather, a homestead statement was a restraint on alienation which ran against the recipient of old age benefits and not against the land. *See Dennison,* 2002 ND 39, ¶ 16, 640 N.W.2d 447. As a recipient of old age benefits, Magdalena Retzer's 1951 conveyance of her interest in the land to her children was void. However, all property in North Dakota has an owner, *see* N.D.C.C. § 47–01–09, N.D.R.C. § 47–0109 (1943), and because the conveyance of her interest in the land to her children was void, Magdalena Retzer effectively retained her interest in the land. When Magdalena Retzer died in 1959, her interest in the land passed to her heirs by operation of law, subject to creditors' claims. *See* N.D.R.C. ch. 30–08 (1943) (administration of estates of intestates); N.D.R.C. § 56–0103 (1943) (property of intestate passes to heirs, subject to administration); N.D.R.C. § 56–0104 (1943) (order of succession to intestate's property). *See also Stevahn v. Meidinger,* 79 N.D. 323, 329–30, 57 N.W.2d 1, 6–7 (1952); *Aberle v. Merkel,* 70 N.D. 89, 93–4, 291 N.W. 913, 915–16 (1940). Under N.D.R.C. § 50–0734 (1943), the State, subject to funeral, last illness, and administrative expenses, had a preferred claim against Magdalena Retzer's estate for the amount of old age assistance paid her. *See Dennison,* 2002 ND 39, ¶ 16, 640 N.W.2d 447. *See also* N.D.R.C. § 30–1818 (1943). At that point, the State's interest, a restraint on alienation which ran against the recipient of old age assistance benefits and not against the land itself, was subject to probate law.

[¶ 11] We reject the State's claim there is no statutory limitation or bar that extinguishes the State's interest in the land. Because the State's interest ran against the recipient of old age assistance benefits and not against the land, the State's claim was against Magdalena Retzer, and there is no longer anyone against whom the claim against her can be asserted. The trial court found "[n]o probate was filed to administer [Magdalena Retzer's] estate and the State did not pursue a claim against her estate." There was no probate of Magdalena Retzer's estate under the law in existence when she died, but the State, as a creditor, was entitled to petition for administration of her estate. *See* N.D.R.C. § 30–0802 (1943). The parties have cited no provisions under prior law extinguishing the State's claim against Magdalena Retzer's estate, but the probate provisions effective on July 1, 1975, extinguished any claims against her estate at least by 1978. *See* N.D.C.C. § 30.1–35–01(2) (transition provisions for uniform probate code); N.D.C.C. § 30.1–12–08 (ultimate time limit for probate, testacy, and appointment proceedings); N.D.C.C. § 30.1–19–03 (limitations on presentation of claims, including claims by the State). The State's restraint on alienation did not run against the land. Rather, it ran against Magdalena Retzer, and any claim the State had against her estate was extinguished at least by 1978.

[¶ 12] In 1952, Magdalena Retzer's children conveyed the land by warranty deed to John Martz. Under N.D.C.C. § 47–10–15, the Retzer children's after-acquired property passed by operation of law to John Martz. *See also* N.D.R.C. § 47–1015 (1943). In 1980, John Martz conveyed the land by warranty deed to himself and his wife as joint tenants. Under N.D.C.C. § 47–19.1–01, Dennison has an unbroken chain of title to the tract of

land which has been recorded for more than twenty years, and he has marketable title to the land.

[¶ 13]   We affirm the judgment quieting title to Dennison.

[¶ 14]   VANDE WALLE, C.J., NEUMANN and KAPSNER, JJ., and ALLAN L. SCHMALENBERGER, District Judge, concur.

[¶ 15]   The Honorable ALLAN L. SCHMALENBERGER, District Judge, sitting in place of SANDSTROM, J., disqualified.