Oscar I. PAULSON and June R.
Paulson, Plaintiffs, Appellees,
and Cross-appellants,

v.

Arthur MEINKE and Ellenora Meinke, as
Personal Representatives of the Estate
of Claire Paulson, Defendants, Appel-
lants, and Cross-appellees.

Civ. No. 10629.

Supreme Court of North Dakota.

July 11, 1984.

Leland F. Hagen, Fargo, for plaintiffs, appellees, and cross-appellants.

Lee W. Mosher (argued), Golden Valley, Minn., and Russell G. Nerison, of Hjellum, Weiss, Nerison, Jukkala, Wright & Paulson, Jamestown, for defendants, appellants, and cross-appellees.

VANDE WALLE, Justice.

Arthur and Ellenora Meinke, personal representatives of the estate of Claire Paulson, appealed from the judgment of the district court of LaMoure County, entered on October 25, 1983, by Judge Gordon O. Hoberg. Judge Hoberg, who vacated a prior judgment entered by Judge M.C. Fredricks, amended the findings of fact and conclusions of law by imposing a constructive trust in favor of Oscar and June Paulson on property located in LaMoure County. The later judgment, like the prior judgment, refused to impose a constructive trust in favor of the Paulsons on property in Ransom County. The Paulsons cross-appealed from the earlier judgment entered on February 28, 1983, which refused to impose constructive trusts in their favor on property in LaMoure and Ransom counties.

We reverse the judgment and remand for a new trial.

In 1977 Oscar Paulson, the brother of the deceased Claire Paulson, and his wife, June, experienced financial difficulties. They executed and delivered warranty deeds to Claire which conveyed property located in Ransom and LaMoure counties. Claire assumed various financial obligations and forgave the Paulsons' personal indebtedness.

Claire Paulson died and left a will dated August 31, 1979, in which he named as his beneficiaries Claire Andrud, the natural son of Claire, and Karen Cleveland, the daughter of the Meinkes, who are the personal representatives of Claire's estate.

In a trial to the court the Paulsons sought to establish that they were entitled to constructive trusts in their favor on the property in LaMoure and Ransom counties. After listening to the testimony of eleven witnesses and reviewing documents, Judge Fredricks made 43 detailed findings of fact and completely rejected the Paulsons' claim for relief. The Paulsons moved for a new trial and sought to vacate the judgment. Judge Hoberg heard the motions because Judge Fredricks had retired. He amended the findings of fact and conclusions of law and imposed a constructive trust in favor of the property in LaMoure County.

On appeal the Meinkes raise several issues, one of which is dispositive insofar as it forecloses our consideration of the other issues in this appeal. That issue involves the validity of the amendment of the findings of fact and conclusions of law of Judge Fredricks, the trial judge who heard the testimony, by Judge Hoberg, the trial judge who succeeded him in office, so as to substantially reverse the decision made by Judge Fredricks.[1]

---

1. Although the motion filed by the Paulsons after the entry of judgment on Judge Fredricks's order for judgment was entitled "Motion For New Trial Or To Vacate Judgment," a review of the transcript of the hearing on the motion as well as the briefs filed with the trial court reveals that for the most part the issues concerned a review of the evidence. Except for a few questions concerning any additional evidence not adduced at trial and the probability of a different outcome if a new trial were granted, asked of counsel by Judge Hoberg, it is apparent that the issue of an amendment of Judge Fredricks's findings of fact, conclusions of law, and order for judgment was not seriously contemplated by the parties. Thus no objection to

In *Company A, First Reg. N.D. Nat. Guard T. School v. State*, 55 N.D. 897, 215 N.W. 476 (1927), this court in the syllabus by the court, held:

"Where, upon the resignation of a trial judge, a cause is left undetermined, a succeeding trial judge cannot decide or make findings in the case without a trial de novo on all of the issues."

█ In this instance the trial judge did not leave the case undetermined but had actually issued a decision upon which judgment was entered. But the rule announced above must apply even more emphatically in this case. The reason for the rule is obvious. The trial judge who makes a decision involving a disputed question of fact should have the opportunity to see and hear the witnesses and determine their credibility. Although Judge Hoberg had read the transcript of the proceedings before Judge Fredricks, this court has often stated that "cold print" is no substitute for the opportunity of the trial judge to hear and observe the witnesses. See, e.g., *State v. Olson*, 290 N.W.2d 664 (N.D.1980). Judge Hoberg, in reviewing the record, was in a position no different from the position of an appellate court when it has only the record before it.

█ Rule 63, N.D.R.Civ.P., which is identical to Rule 63, F.R.Civ.P., provides that if, by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court after findings of fact and conclusions of law are filed, any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties. The rule further provides that if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may grant a new trial. See also, Sec. 27–05–27, N.D.C.C. Thus it appears clear that Judge Ho-

berg had the authority to amend the findings of fact and conclusions of law. The issue is not one of authority under the rules to do so, but rather the issue is one of due process. In cases tried without a jury, the general rule is that a party litigant is entitled to a decision on the facts by a judge who heard and saw the witnesses, and a deprivation of that right is a denial of due process. See 46 Am.Jur.2d, *Judges*, § 37.

█ We agree with the solution adopted by the Idaho Supreme Court in *Anderson v. Dewey*, 82 Idaho 173, 350 P.2d 734, 737 (1960). Idaho had adopted Rule 63, F.R.Civ.P., in the same form, and in balancing the authority of a successor judge under Rule 63 to rule on a motion to make new findings and conclusions and direct the entry of a new judgment, with the due-process right of the parties to have the trial judge who heard the testimony make the final decision, stated:

"Where the motion is heard by a successor to the trial judge, such successor may make new findings and conclusions and direct the entry of a new judgment under authority of Rule 63, subject, however, to the limitation therein contained; that is, if he 'is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.' *If the successor is not satisfied with the findings, conclusions and decree of his predecessor, and thinks such should be vacated or modified, but cannot do so because he did not see and hear the witnesses, then he is limited to the granting of a new trial.*" [Emphasis ours.]

The *Anderson* court further noted that in resolving the issues raised by a motion for new trial a successor judge may exercise the same authority as could the judge who tried the case in those instances where

---

Judge Hoberg's substituting his findings and conclusions for those of Judge Fredricks, who heard the testimony, was expressed at the hearing on the Paulsons' motion. It was not until Judge Hoberg's findings, conclusions, and order for judgment were issued substantially revers-

ing Judge Fredricks's findings, conclusions, and order for judgment that the issue of his authority to do so was raised by a motion of the Meinkes to substitute Judge Fredricks's original findings, conclusions, and order for judgment for those of Judge Hoberg.

the successor judge is not required to weigh conflicting evidence or pass upon the credibility of witnesses but rather can resolve such issues upon questions of law or upon evidence which is not materially in conflict.

Here, not all of the testimony was given in open court. June Paulson testified through two depositions and other documentary evidence was introduced at trial. We have previously indicated that where a trial judge sits without a jury and the findings of fact rest solely on documentary evidence, Rule 52(a), N.D.R.Civ.P., does not apply. See, e.g., *Olson v. Peterson*, 288 N.W.2d 294 (N.D.1980). The Paulsons urge that we apply that holding in this case. We decline to do so. Although June did testify through depositions and not in person at the trial, other witnesses, such as her husband, Oscar, did testify in person at trial and their testimony and its credibility is crucial to the factual issues in this case. Furthermore, the evidentiary worth of documentary evidence may depend upon the explanations offered by the witnesses at trial. Because the oral testimony and the attendant appraisal of credibility may be critical to the interpretation of the documentary evidence, we decline to apply the rule. See *Hirschkorn v. Severson*, 319 N.W.2d 475 (N.D.1982).

Judge Hoberg clearly believed that Judge Fredricks had reached the wrong decision. However, because the issues to be resolved included questions of fact dependent upon credibility of the witnesses and because Judge Fredricks had the opportunity to hear and observe some, although not all, of the witnesses who testified, Judge Hoberg should have granted the new trial rather than amend the findings and conclusions to reach a result different from that reached by Judge Fredricks. We therefore reverse the judgment and remand the entire matter to the trial court for a new trial. We direct that the matter be tried before another judge of the district assigned by the presiding judge or, if another judge of the district is not available, the presiding judge may request this court for assignment of a judge from without the district.[2]

ERICKSTAD, C.J., and PEDERSON, GIERKE and SAND, JJ., concur.

---

2. Although we are convinced that Judge Hoberg could impartially try the matter anew on remand, the transcript of the proceedings held December 19, 1983, on the defendants' motion to amend findings of fact, conclusions of law, and order for judgment and judgment reveals that Judge Hoberg is convinced that Oscar and

Claire had created a trust concerning this land, particularly the land in LaMoure County. In view of the statements on the record we deem it advisable, in the interest of justice, to have another judge assigned to retry the matter on remand.