BYRON'S CONSTRUCTION COMPANY,
Claimant and Appellant,

v.

NORTH DAKOTA STATE HIGHWAY
DEPARTMENT, Respondent
and Appellee.

Civ. No. 880326.

Supreme Court of North Dakota.

Nov. 29, 1989.

Richard L. Burns (argued), Glendive, Mont., for claimant and appellant.

Murray G. Sagsveen (argued), Sp. Asst. Atty. Gen., Bismarck, for respondent and appellee.

GIERKE, Justice.

Byron's Construction Company (Byron's) appealed from a district court judgment affirming the decision of a three-person arbitration panel denying all claims of Byron's against the North Dakota State Highway Department (Highway Department). We affirm in part, reverse in part, and remand for further proceedings.

Byron's entered into a contract with the Highway Department on November 14, 1985, to reconstruct about twelve miles of State Highway No. 3 north of Rugby. Byron's started the project during the Spring of 1986 and completed it on September 11, 1987, at which time the project was accepted by the Highway Department. The contract price for the project was $2,255,925.

On October 29, 1987, Byron's submitted a request to the Highway Department for "an equitable adjustment" which was denied. On February 11, 1988, Byron's submitted a demand for arbitration requesting additional compensation of $1,192,523. Byron's submitted to the arbitrators five claims underlying its request for additional compensation. Claims 1 through 4 addressed three major issues with numerous subissues. The main issues were: (1) delay, disruption, and additional work allegedly caused by improper testing and specification interpretation by the Highway Department, (2) the required soil type and amount of borrow quantity, and (3) the tolerance requirements for gravel spread on the reconstructed roadbed. In Claim 5 Byron's alleged that the Highway Department unjustifiably imposed sanctions against it for violation of a contract provision requiring a minimum of 10 percent minority business enterprise participation.

The arbitrators bifurcated the proceedings to first consider a notice issue. Following an evidentiary hearing on April 25–

26, 1988, the arbitrators determined that for Claims 1 through 4 Byron's failed, under Section 24–02–26.1, N.D.C.C.,[1] to give the Highway Department timely written notice of its intent to claim additional compensation. The statute makes notice a precondition to arbitration, and for that reason the arbitrators dismissed those claims. The arbitrators determined that Claim 5 involved a tort issue, rather than a contract issue, and dismissed that claim for lack of jurisdiction.

The Highway Department subsequently filed a motion with the district court, under Section 32–29.2–11, N.D.C.C., to confirm the arbitrators' dismissal of all Byron's claims against the Highway Department. Byron's resisted that motion and filed a motion to vacate the arbitrator's decision under Section 32–29.2–12, N.D.C.C. The district court agreed with the arbitrators that Byron's failed to provide timely written notice of intent to claim additional compensation for Claims 1 through 4 and that Claim 5 involved an issue of tort over which the arbitrators did not have jurisdiction. The district court entered a judgment confirming the arbitrators' dismissal of Byron's claims.

The following dispositive issues were raised by Byron's on appeal:

(1) Whether the arbitrators erred in bifurcating the hearing to first consider the notice issue;

(2) Whether the arbitrators erred in concluding that Byron's did not give timely notice of claim for additional compensation;

(3) Whether the Highway Department should be estopped from asserting that Byron's violated the notice requirements; and

(4) Whether the arbitrators erred in determining that they had no jurisdiction to hear Claim 5.

Subsection 32–29.2–12(1), N.D.C.C., provides the grounds upon which a court can vacate an arbitration award:

---

1. Substantively identical language was included in the contract under provision 105–17 (Standard Specifications for Road and Bridge Construction).

"1. On application of a party, the court shall vacate an award if:

"a. The award was procured by corruption, fraud, or other undue means;

"b. There was evident partiality by an arbitrator appointed as a neutral, corruption in any of the arbitrators, or misconduct prejudicing the rights of any party;

"c. The arbitrators exceeded their powers;

"d. The arbitrators refused to postpone the hearing after sufficient cause was shown to postpone it or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to section 32–29.2–05, as to prejudice substantially the rights of a party; or

"e. There was no arbitration agreement and the issue was not adversely determined in proceedings under section 32–29.2–02 and the party did not participate in the arbitration hearing without raising the objection.

"The fact that the relief was such that it could not or would not be granted by a court of law or equity is not grounds for vacating or refusing to confirm the award."

■ Byron's asserts that the arbitrators erred in bifurcating the hearing to first consider the notice issue and then to consider the merit issues, if necessary. Byron's asserts that the relevant facts on the merits are so intertwined with the notice issue that the arbitrators could not properly decide the notice issue without first receiving evidence on the merits or substance of Byron's claims. Byron's asserts, in effect, that the arbitrators improperly conducted the hearing thereby substantially prejudicing Byron's rights for which the trial court should have vacated the arbitrators' award, under Subsection 32–29.2–12(1)(d), N.D.C.C. We disagree that the arbitrators' conduct of the hearing was improper.

When the hearing commenced, arbitrator Mike Foss stated that although the arbitrators would first decide the notice issue Byron's "can certainly bring up other things." The arbitrators did not preclude Byron's from introducing whatever evidence it thought necessary for the arbitrators to consider in deciding the notice issue. We conclude, therefore, that the arbitrators did not err in bifurcating the hearing and did not prejudice or compromise Byron's right to introduce relevant evidence.

The arbitrators concluded that Byron's was precluded from arbitrating Claims 1 through 4, and all subissues raised therein, because it did not give notice as required under Section 24–02–26.1, N.D.C.C.

Byron's asserts that by precluding its claims, the arbitrators' acted irrationally and exceeded their powers which, under Subsection 32–29.2–12(1)(c), N.D.C.C., constitutes grounds for the court to vacate the arbitrators' decision.

When a court is requested to vacate an arbitration award because the arbitrators "exceeded their powers," the award will be vacated only if it is "completely irrational." *Scherbenske Excavating v. North Dakota State Highway Department*, 365 N.W.2d 485 (N.D.1985). "The mistakes that will void an award are those appearing on its face or gross mistakes of the arbitrators extraneously appearing as to their powers or duties, which result in real injustice or constructive fraud." *Nelson Paving Co., Inc. v. Hjelle*, 207 N.W.2d 225, 230 (N.D. 1973).[2] The purpose and effect of this limited review of an arbitration award was succinctly stated for the court by Justice Levine in *Scherbenske*, 365 N.W.2d at 489:

---

**2.** When *Scherbenske, supra,* and *Nelson, supra,* were decided, Section 32–29–08(4), N.D.C.C., provided that an arbitration award could be vacated upon the grounds "that the arbitrators exceeded their powers, or that they so imperfectly executed them, that a mutual, final, and definite award on the subject matter submitted was not made." That provision was amended in 1987 [S.L.1987, ch. 408, § 12.] to provide for the vacating of an arbitration award when "the arbitrators exceeded their powers" but deleting the remainder of the above quoted statutory language. The applicability of the irrational basis standard enunciated in *Scherbenske, supra,* and *Nelson, supra,* is unaffected by the statutory amendment, because the deleted language in the statute was not material to the litigation in those cases.

"Obviously, the effect of applying the clearly irrational standard of review is to give to the arbitrators every benefit of every doubt. It affords them the widest latitude to exercise their authority and arrive at their decision without the customary restraints of traditional judicial review. It is but a reflection of the strong public policy favoring the arbitration process."

Section 24–02–26.1, N.D.C.C., provides in relevant part:

"[F]ull compliance by a contractor with the provisions of this section is a condition precedent to the contractor's right to demand arbitration. If the contractor believes the contractor is entitled to additional compensation for work or materials not covered in the contract or not ordered by the engineer as extra work or force account work in accordance with the contract specifications, the contractor shall, prior to beginning the work which the claim will be based upon, notify the engineer in writing of the intent to make claim for additional compensation. If the basis for the claim does not become apparent until the contractor has commenced work on the project and it is not feasible to stop the work, the contractor shall immediately notify the engineer that the work is continuing and that written notification of the intent to make claim will be submitted within ten calendar days. Failure of the contractor to give the notification required and to afford the engineer facilities and assistance in keeping strict account of actual costs will constitute a waiver of claim for additional compensation in connection with the work already performed."

▮▮ Byron's asserts that this notice requirement is not applicable because Byron's is seeking additional compensation for "work covered by the contract" as opposed to "work not covered in the contract." Byron's asserts that the notice provision is inapplicable to a contractor's request for additional compensation or an equitable adjustment involving an alteration of construction work under Contract Provision 104–2, an increase or decrease of quantities under Contract Provision 104–3, the encountering of changed conditions under Contract Provision 104–4, or performance of extra work under Contract Provision 104–5.

Byron's interpretation of the notice requirement under Section 24–02–26.1, N.D. C.C., is much too narrow. That provision requires a contractor to give timely written notice as a prerequisite to claiming additional compensation unless the work or materials for which additional compensation is sought have been ordered by the engineer as extra work or force account work. See *State v. Omega Painting, Inc.*, 463 N.E.2d 287 (Ind.App. 1st Dist.1984); *Main v. Department of Highways* 206 Va. 143, 142 S.E.2d 524 (1965); *Rea Construction Company v. State Roads Commission*, 226 Md. 569, 174 A.2d 577 (Ct.App.1961). The notice requirement protects important concerns of the state by permitting early investigation of the validity of a claim when evidence is still available, by allowing the Highway Department to compile records of the contractor's costs, and by allowing the Highway Department to consider alternate methods of construction to prevent unnecessary expenditures. See *New Pueblo Constructors, Inc. v. State*, 144 Ariz. 95, 696 P.2d 185 (1985).

A nearly identical notice provision was involved in *State v. Omega Painting, Inc.*, 463 N.E.2d 287 (Ind.App. 1st Dist.1984), where the contractor sought additional compensation on the ground that the Indiana State Highway Commission required the contractor to sandblast bridge spans to a standard finish higher than that specified under the contract. The Indiana Appellate Court concluded that the contractor's failure to give a timely written notice of claim for additional compensation precluded the claim and left the contractor without recourse.

We are unpersuaded that Byron's request for additional compensation is based upon work or materials "covered in the contract." With one exception, the work and materials for which Byron's seeks additional compensation were not part of the original contract language or a modifica-

tion of the contract between the parties, nor the result of a change order or extra work order by the engineer. Consequently, Byron's was required to give notice under Section 24–02–26.1, N.D.C.C., as a prerequisite to claiming additional compensation beyond the contract price of $2,255,925. Byron's failure to give timely written notice constituted a waiver of its right to claim additional compensation and a failure of the condition precedent to demand arbitration of the matter. Consequently, with one exception, we conclude that the arbitrators did not act irrationally in precluding Byron's from arbitrating claims 1 through 4 for failing to give timely statutory notice of the claims.

■ The exception involves a subissue under Claim 2 wherein Byron's asserts that the Highway Department agreed to pay as "force account" work Byron's use of township roads for detours. Byron's asserts that the force account has not been paid. Section 24–02–26.1, N.D.C.C., unambiguously excepts "force account work" from the notice requirement. Consequently, this issue was not waived by Byron's failure to give notice under the statute, and the arbitrators contrary conclusion was completely irrational. It is necessary, therefore, to remand this issue to the arbitrators for an appropriate determination.

■ Byron's asserts that the Highway Department should be estopped from raising lack of notice under Section 24–02–26.1, N.D.C.C., because the Highway Department failed to give Byron's its interpretation of certain contract specifications which would have given Byron's sufficient information to give a timely notice.

In support of its position, Byron's cites *Northern Improvement Co. v. South Dakota State Highway Commission*, 267 N.W.2d 208 (S.D.1978). In that case the South Dakota Supreme Court concluded that the highway department should be estopped by its engineer's conduct from asserting that the contractor had failed to obtain a written modification of the contract or to provide a timely notice of intent to claim additional compensation. We disagree with the South Dakota Supreme Court's application of the estoppel doctrine

in *Northern Improvement, supra,* and we also conclude that the facts in that case are distinguishable from those before us.

In *Northern Improvement, supra,* the parties filed stipulated facts which showed that the project engineer caused difficulties for the contractor by refusing to issue extra work orders and supplemental agreements to augment plans and specifications which were in certain instances defective and in others inadequate to permit the contractor to cope with unforeseen contingencies. The engineer also aggravated the contractor's problems by ordering the contractor to do defective work which had to be redone and to perform various operations in a defective or highly inefficient and unprofitable manner. Based upon those stipulated facts, the South Dakota Supreme Court concluded that the engineer's actions were sufficient to estop the highway department from raising as a defense the lack of a written agreement for or notice of the contractor's claim for additional compensation. In this case there is no stipulated agreement that the Highway Department or its engineer acted improperly or caused the contractor to perform in a defective or inefficient manner. Therefore, the cases are factually distinguishable. In addition, however, we agree with Justice Porter, dissenting in *Northern Improvement, supra,* that the South Dakota Highway Department should not have been estopped from asserting lack of notice, because the engineer's conduct did not prevent the contractor from protecting its claim by filing a timely notice of intent to make a claim.

Assuming, for purposes of resolving this issue, that the Highway Department did not provide Byron's with its interpretation of requested contract specifications, we are unpersuaded that its failure to do so prevented Byron's from giving a timely notice of intent to file a claim for additional compensation. If Byron's was requested to perform work or supply materials for which it did not believe it was being compensated under the contract, it was required to notify the engineer in writing of its intent to make a claim for additional compensation. The Highway Department's refusal to provide interpretations of the

specifications did not preclude Byron's from giving such notice. Thus, an estoppel against the Highway Department from asserting the contractor's failure to give notice is unjustified.

■ Special Provision 612 of Byron's contract with the Highway Department required Byron's to achieve a minimum 10 percent of minority business enterprise participation in performing under the contract. The Highway Department determined that Byron's violated this provision and precluded Byron's from bidding on two subsequent projects as a sanction for the violation. Under Claim 5 of its arbitration demand Byron's asserted that it had not violated Special Provision 612 under the contract and requested the arbitrators to award damages for the Highway Department's unjustified imposition of sanctions. The arbitrators determined that the issue involved a matter of tort, rather than contract, and dismissed the claim for lack of jurisdiction. Byron's asserts that the arbitrators erred in concluding that they lacked jurisdiction to resolve Claim 5.

Pursuant to Section 24–02–26, N.D.C.C., "all controversies arising out of any contract for the construction or repair of highways" shall be submitted to arbitration. The Highway Department's sanctions against Byron's were for violation of Special Provision 612 under the contract. Consequently, the controversy arose out of the contract, and under Section 24–02–26, N.D.C.C., the issue is an appropriate subject for arbitration. We conclude, therefore, that the arbitrators erred in dismissing Claim 5 for lack of jurisdiction, and on remand this issue should be redetermined on its merits.

In accordance with this opinion, we affirm in part, reverse in part, and remand for the arbitrators to determine on their merits Byron's force account claim and its Claim 5 regarding Special Provision 612.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.