Patrick Thomas KNIGHT, a/k/a Patrick T. Alvarez, Plaintiff and Appellant,

v.

NORTH DAKOTA STATE INDUSTRIAL SCHOOL, Defendant and Appellee.

Civ. No. 950116.

Supreme Court of North Dakota.

Nov. 30, 1995.

Patrick Thomas Knight, Thompson, pro se.

Tag C. Anderson (argued), Assistant Attorney General, Bismarck, for defendant and appellee.

NEUMANN, Justice.

Patrick Thomas Knight appeals from a summary judgment dismissing his action for breach of contract against the North Dakota State Industrial School (SIS). We affirm.

In August 1992, SIS hired Knight as a Community Development Worker in its Drug and Alcohol Program Grant Project. An August 20, 1992 letter from Conrad Dvorak, the Superintendent of SIS, said

> "This letter confirms your appointment as Community Development Worker in the North Dakota Industrial School Drug and Alcohol Program Grant Project as provided for and funded by [an Office of Treatment Improvement] Grant ... through the North Dakota Division of Alcoholism and Drug Abuse.... This appointment is effective Wednesday, September 2, 1992.

> "Your supervisor will be Lenny Leben and your starting salary will be $1,691.00 per month, with six months probation. Upon successful completion of probation there is a possibility of up to a 5% increase.

> \* \* \*

> "This position is funded through August 31, 1993, which completes the three year grant project."

Knight moved from Grand Forks to Bismarck and began working at SIS on September 2, 1992.

The Office of Treatment Improvement subsequently notified SIS it was "unable to fund proposed expansions in services or staff in the FY 1992 awards." As a result, Leben and Pam Gilbertson, a consultant for SIS grant projects, recommended a reduction in force of Knight's job as Community Development Worker. By letter dated September 18, 1992, SIS informed Knight he was discharged, effective October 31, 1992, under a reduction in force necessitated by a lack of funds.

After Knight's claim for moving expenses and lost wages was rejected, he sued SIS, alleging breach of contract, negligence, and violation of 42 U.S.C. § 1983. The trial court granted SIS's motion for summary judgment, ruling Knight's negligence claim was barred

by sovereign immunity, his civil rights claim was not against a "person" within the meaning of Section 1983 and *Livingood v. Meece,* 477 N.W.2d 183, 190 (N.D.1991), and his breach of contract claim failed to raise a genuine issue of material fact because he was dismissed during his probationary period for a lawful reason, a reduction in force for lack of funds. Knight appealed.

 Summary judgment under N.D.R.Civ.P. 56 is a procedure for resolving a lawsuit without a trial if, after viewing the evidence in a light most favorable to the party against whom it is sought and giving that party the benefit of all favorable inferences, only a question of law is involved or there is no genuine dispute over either the material facts or inferences to be drawn from the undisputed facts. *Stensrud v. Mayville State College,* 368 N.W.2d 519 (N.D.1985). Even if a factual dispute exists, summary judgment is proper if the law is such that resolution of the factual dispute will not change the result. *Berg v. Lien,* 522 N.W.2d 455 (N.D.1994). In such a case, the disputed facts are not material. *Id.* Here, the material facts, viewed in the light most favorable to Knight, establish SIS terminated Knight for a lawful reason.

The parties agree an employment relationship existed between SIS and Knight. The dispute in this case involves the terms of the employment relationship. Knight argues he was hired for a one-year period, because SIS told him funding for the position was in place for one year.

Subject to exceptions for enumerated jobs not involved in this case,[1] N.D.C.C. ch. 54–44.3 creates a unified system of personnel administration for classified employees of state government. N.D.C.C. § 54–44.3–01. Under N.D.C.C. §§ 54–44.3–07(1), 54–44.3–12 and chapter 28–32, the Central Personnel Division and the State Personnel Board have promulgated administrative rules to govern the terms and conditions of employment for employees in the classified service of state government. *See* N.D.A.C. art. 4–07 and title 59.5. Those administrative rules have the force and effect of law under N.D.C.C.

1. *See* N.D.C.C. § 54–44.3–20.

§ 28–32–03 and, along with N.D.C.C. ch. 54–44.3, establish a comprehensive civil service system which is part of a state employer's employment relationship with its employees. *See Hammond v. North Dakota State Personnel Bd.*, 345 N.W.2d 359 (N.D.1984); *Boren v. State Personnel Bd.*, 37 Cal.2d 634, 234 P.2d 981 (1951); *Matulewicz v. Governor of Michigan*, 174 Mich.App. 295, 435 N.W.2d 785 (1989). *Cf., Stensrud v. Mayville State College, supra* (Board of Higher Education regulations are part of employment contract between institution and faculty members); *Miller v. South Bend Special Sch. Dist.*, 124 N.W.2d 475 (N.D.1963) (statutes permitting school districts to discharge teachers for cause are part of employment contract between district and teacher).

Sections 4–07–06–02 through 4–07–06–04, N.D.A.C., require each newly hired classified state employee to serve a six-month probationary period and direct appointing authorities to advise newly hired employees of the probationary period before the employees begin work. Section 4–07–06–05, N.D.A.C., says:

> "*Separation during the probationary period.* An employee may be separated from the employee's position for any lawful reason at any time during the probationary period. The employee may not grieve or appeal a lawful separation. The appointing authority shall notify the employee of the separation in writing."

Under those provisions, newly hired classified state employees must serve a six-month probationary period and can be terminated during that time for "any lawful reason."

■ All persons are charged with knowledge of the law, *e.g., Tooley v. Alm*, 515 N.W.2d 137 (N.D.1994), and entities transacting business with public officers are charged with knowledge of the officer's authority. *Umpleby v. State*, 347 N.W.2d 156 (N.D. 1984); *Roeders v. City of Washburn*, 298 N.W.2d 779 (N.D.1980); *Heckler v. Community Health Services*, 467 U.S. 51, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984); *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947); *Werner v. United States Dep't of Interior*, 581 F.2d 168 (8th Cir.1978).

Knight is charged with knowledge of the six-month probationary period for newly hired state employees. Although Knight claims the parties orally agreed the job was for one year, SIS representatives do not have authority to circumvent the six-month probationary period and Knight is charged with knowledge of SIS's hiring authority. Moreover, assuming SIS representatives made contrary oral representations during an interview with Knight, Dvorak's August 20, 1992 letter specifically incorporated the six-month probationary period. Knight accepted the terms of Dvorak's letter, including the six-month probationary period, when he reported for work on September 2, 1992. The applicable administrative rules and Dvorak's letter established the terms and conditions of Knight's employment relationship with SIS, including the six-month probationary period.

Knight asserts the reduction-in-force provisions of the North Dakota Administrative Code are not applicable, because SIS did not specifically inform him the probationary period was enforceable under N.D.A.C. § 59.5–03–03–02.[2] He asserts he reasonably believed the probationary period only entailed dismissal for cause.

■ Knight has cited no authority for his assertion SIS was required to specifically inform him the probationary period was en-

---

**2.** Section 59.5–03–03–02(5), N.D.A.C., says:
"*Definitions.* The terms used throughout this title have the same meanings as in North Dakota Century Code chapter 54–44.3, except:
\* \* \*
"5. 'Reduction-in-force' means the loss of employment by an employee as a result of a reduction in appropriations, lack of work, curtailment of work, or reorganization."
Section 59.5–03–03–07, N.D.A.C., says:
"*Reduction-in-force.* The appointing authority may, after giving written notice to a classified employee, terminate the employment of an employee as a result of a reduction-in-force. Only a classified employee who has satisfactorily completed the probationary period has the right to appeal a reduction-in-force, but that appeal may be made only if the factors required by section 4–07–11–03 were not followed, or if the reduction-in-force was conducted in a discriminatory manner that would violate the state's policy against discrimination as stated in North Dakota Century Code section 14–02.4–01."

**390**

forceable. Under N.D.A.C. § 4–07–06–05, SIS was authorized to terminate Knight's employment for "any lawful reason." A reduction in force because of a reduction in funding is a lawful reason for termination. N.D.A.C. §§ 4–07–11–02, 59.5–03–03–02(5) and 59.5–03–03–07. Knight's subjective belief that the probationary period only entailed dismissal for cause is contrary to the administrative rules and is not part of his employment relationship with SIS.

■ Knight also argues SIS is estopped from using lack of funds as a justification for terminating his employment. We reject Knight's argument.

■ Although estoppel against the government is not absolutely barred, it is not applied freely. *Blocker Drilling Canada, Ltd. v. Conrad,* 354 N.W.2d 912 (N.D.1984). *See Office of Personnel Management v. Richmond,* 496 U.S. 414, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990); *Heckler v. Community Health Services, supra; Federal Crop Ins. Corp. v. Merrill, supra; Whaley v. State,* 438 P.2d 718 (Alaska 1968); *Boren v. State Personnel Bd., supra.* Here, Knight is charged with knowledge of the six-month probationary period and the reduction-in-force policy. Representatives of SIS have no authority to circumvent the administrative rules governing the six-month probationary period and reductions in force. Applying estoppel in this case would, by judicial fiat, nullify the explicit provisions of the administrative rules and Dvorak's August 20 letter. Knight's argument that SIS has waived and is estopped from using lack of funds as a defense to his discharge is without merit.

We hold there are no disputed issues of material fact that SIS terminated Knight's employment for a lawful reason, a reduction in force necessitated by a reduction in funds, during his six-month probationary period. We affirm the summary judgment dismissal of Knight's action against SIS.

VANDE WALLE, C.J., and SANDSTROM, MESCHKE and LEVINE, JJ., concur.