**John BINDER, Plaintiff and Appellant,**

v.

**Mary Ann BINDER, Defendant and Appellee.**

Civil No. 960111.

Supreme Court of North Dakota.

Dec. 20, 1996.

Daniel J. Chapman (argued), Chapman and Chapman, Bismarck, for plaintiff and appellant.

Rauleigh D. Robinson (argued), Bismarck, for defendant and appellee.

MARING, Justice.

John Binder appeals from the judgment entered by Judge Donald Jorgensen on March 14, 1996, granting a decree of divorce to the parties and resolving all issues therein. We affirm.

John Binder (John) and Mary Ann Binder (Mary Ann) began divorce proceedings in July of 1993 after 24 years of marriage. Trial in the matter was held in July 1994 before Judge Donavin Grenz. Judge Grenz issued a Memorandum Opinion on December 23, 1994, but no Findings of Fact, Conclusions of Law, and Order for Judgment was entered. On January 13, 1995, Mary Ann served and filed a motion to amend the findings in the Memorandum Opinion or in the alternative, for a new trial. Judge Grenz left office on December 31, 1994. Thereafter, the successor judge declined to rule on the motions or prepare and sign Findings of Fact, Conclusions of Law, and Order for Judgment based on Judge Grenz' Memorandum Opinion. The case was then assigned to Judge Donald Jorgensen. On July 19, 1995, following Judge Jorgensen's order dated July 12, 1995, the parties entered into a stipulation authorizing Judge Jorgensen to enter substitute Findings of Fact, Conclusions of Law, and Order for Judgment based on his review of the audio tape recordings of the 1994 trial testimony. The stipulation also provided that if the court "determine[d] after a review of the audio recording of the trial that addi-

tional information is required to do justice in this case, it may request the same."

After an attempted review of the audio tapes, the court concluded that they were "less than adequate" and ordered a written transcript prepared therefrom. Based on the written transcript and the evidence presented at the first trial, the court granted a new trial and issued Findings of Fact, Conclusions of Law, and Order for Judgment dated January 25, 1996. John moved to vacate the January 25, 1996, Order and Memorandum Decision and for a second new trial. John's motions were denied and judgment was entered on March 14, 1996.

From the inception of this action in July of 1993 to February, 1996, John was represented by attorney Richard Baer. When the parties entered into the stipulation dated July 19, 1995, John was still represented by Baer. Baer continued to represent John through the issuance of Judge Jorgensen's January 25, 1996, Order and Memorandum Decision, which granted a new trial and made Findings of Fact, Conclusions of Law, and Order for Judgment. On February 6, 1996, Baer was replaced by attorney Chapman, who brought John's motion to vacate the order and for a new trial.

John appeals from the March 14, 1996 judgment on the grounds a successor judge cannot render a decision in a case over which he did not preside; the parties cannot stipulate to have a successor judge hear the tapes and render a decision; and the stipulation did not include the court's use of the written transcript.

Counsel for Mary Ann stated at oral argument that Judge Jorgensen made his intentions to order and review a written transcript known to the parties at a conference, and neither objected. The transcript of this conference is not in the record. Mary Ann asked for leave to supplement the record, which we denied.

The issues on appeal can be summarized as follows: (1) Whether Judge Jorgensen violated Rule 63, N.D.R.Civ.P., denying John his due process rights when he ordered a written transcript of the audio tapes and proceeded to retry this case based thereon; (2) whether the stipulation validly permitted Judge Jorgensen to retry the case based on the audio tapes; and (3) whether the stipulation gave Judge Jorgensen the authority to base his findings on the written transcript of the trial.

When an appeal is taken from a trial court's refusal to vacate a judgment or grant a new trial, we review the trial court's order under an abuse of discretion standard. See e.g. Soli v. Soli, 534 N.W.2d 21 (N.D. 1995). Although the appeal in this case is taken from the trial court's final judgment, John's arguments focus on whether the trial court exceeded its discretion and his request for relief is for a new trial. The arguments raised in this appeal were the arguments John made in his motion for a second new trial which was denied by order of the court on March 4, 1996. A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. Hill v. Hill, 392 N.W.2d 819 (N.D.1986). We find nothing in the record to remotely suggest Judge Jorgensen acted arbitrarily, unreasonably, or capriciously.

The parties in this case entered into a stipulation, dated July 19, 1995, in which they agreed that Judge Jorgensen could retry the case and enter his own substitute Findings of Fact, Conclusions of Law, and Order for Judgment and Judgment.[1] It is well settled that stipulations are to be given a great deal of weight. "A stipulation which is not in defiance of the law and is not a fraud on the court is conclusive upon the parties, at least until they are properly relieved from the terms of the stipulation." Koch Oil Co. v. Hanson, 536 N.W.2d 702, 707 (N.D.1995) quoting Oakes Farming Ass'n v. Martinson Bros., 318 N.W.2d 897, 904 (N.D. 1982). The parties in this case agreed by stipulation that Judge Jorgensen could base

1. But see Holzer v. Jochim, 557 N.W.2d 57 (N.D. 1996). In Holzer, the parties were unaware that the successor judge was going to reconsider the issue of liability. In the instant case, the parties had full knowledge of the issues the successor judge planned to consider and freely granted Judge Jorgensen that authority. Furthermore, in Holzer, there was no stipulation between the parties and that fact distinguishes these two cases.

his Findings of Fact, Conclusions of Law, and Order for Judgment on the audio recording of the trial "if such was of suitable quality." John claims that the Judge's actions in having the audio tapes reduced to written form fell "outside the stipulation". "A stipulation is contractual in nature and its interpretation is a question of law for the court to decide." *Roll v. Keller*, 336 N.W.2d 648, 650 (N.D.1983). Whether or not a contract is ambiguous is a question of law. *See Jones v. Pringle & Herigstad, P.C.*, 546 N.W.2d 837, 842 (N.D.1996). We are of the opinion that the stipulation is clear and unambiguous and authorized Judge Jorgensen to request "any additional materials necessary to do justice" in the case which would include the written transcript.

■ We do not reach the issue raised by John concerning Judge Jorgensen's compliance with Rule 63, N.D.R.Civ.P., because of the stipulation which governs the actions of Judge Jorgensen in his retrial of the case.[2] We, therefore, conclude *Paulson v. Meinke*, 352 N.W.2d 191 (N.D.1984) does not apply to this case.

■ John raises the issue of whether a party can waive his due process rights by stipulation. A person can waive his or her due process rights, if done in a knowing, voluntary, and intelligent manner. *See Underwood Farmers Elevator v. Leidholm*, 460 N.W.2d 711 (N.D.1990). John does not argue he entered into the stipulation under threat, coercion, or in any other manner which would suggest an involuntary or unknowing waiver. John was represented by independent counsel at the time the stipulation was signed. If John had any claim that he was denied due process as a result of the procedure followed by Judge Jorgensen in the retrial of this case, he waived it in the stipulation of July 19, 1995.

■ Furthermore, John's due process argument is based on the claim that Judge Jorgensen did not have the opportunity to see and hear the witnesses testify and was, therefore, incompetent to render a decision. The stipulation, which we hold was valid, clearly allowed Judge Jorgensen to render a decision based on hearing the audio tapes. This necessarily precludes Judge Jorgensen from seeing the witnesses. At oral argument and in his brief John was unable to identify any areas of the transcript which materially differed from the audio tapes. He was also unable to show why Judge Jorgensen would have reached a different decision had he actually heard the witnesses testify rather than reading the transcript of the witnesses' testimony. John did not point out any voice inflections, tone, loudness or other qualities of the witnesses' verbal testimony which were not in the print of the transcript and which would have affected the credibility of the witnesses. There is absolutely no basis for John's claim that Judge Jorgensen could not enter findings, conclusions, and a decree in this case, because he did not preside at the trial.

We affirm the trial court's judgment dated March 14, 1996, and award costs on appeal to Mary Ann, pursuant to Rule 38, N.D.R.App.P.

VANDE WALLE, C.J., and MESCHKE, SANDSTROM and NEUMANN, JJ.,concur.

---

2. We note that the Explanatory Note to Rule 63, N.D.R.Civ.P. (1994) and the Advisory Committee Notes to Rule 63, F.R.Civ.P. (1991) state that in order for a successor judge to certify familiarity with the record and determine the case can be completed without prejudice to the parties "a transcript or a videotape of the proceedings" must be available to the substitute judge. The Federal Rule Advisory Committee Notes also state that Rule 63 "authorizes the substitute judge to make a finding of fact at a bench trial based on evidence heard by a different judge." Rule 63, N.D.R.Civ.P. (1994) is identical to Rule 63, F.R.Civ.P. (1991). The Federal Rule Advisory Notes are, therefore, persuasive guidelines for our interpretation of Rule 63, N.D.R.Civ.P. (1994).