Holzer v. Jochim, 557 N.W.2d 57 (N.D. 1996)|N.D. Supreme Court|
Holzer v. Jochim, 557 N.W.2d 57 (N.D. 1996)
[Go to Documents]
Filed Dec. 20, 1996
IN THE SUPREME COURT
STATE OF NORTH DAKOTA
Paul Holzer, Plaintiff and Appellant
v.
Kenneth Jochim, Defendant and Appellee
Civil No. 960061
Appeal from the District Court for Emmons County, South Central Judicial District, the Honorable Bruce B. Haskell, Judge.
REVERSED AND REMANDED.
Opinion of the Court by Sandstrom, Justice. Jeffrey Lee Sheets, R.R. 1, Box 42, Stanley, N.D. 58784, for plaintiff and appellant. William D. Schmidt, of Schmitz, Moench & Schmidt, P.O. Box 2076, Bismarck, N.D. 58502-2076, for defendant and appellee.
Holzer v. Jochim Civil No. 960061
Sandstrom, Justice.
Paul Holzer appeals from an amended judgment dismissing with prejudice his action against Kenneth Jochim. We hold the trial judge, successor to the judge who presided over the original trial, abused his discretion in redetermining liability issues without affording the parties an opportunity for a
[557 N.W.2d 58]
new trial. We, therefore, reverse and remand for a new trial on all issues.
I
Holzer sued Jochim in September 1993, claiming the two were partners in a pizza business and Jochim committed fraud and breached the agreement. Holzer sought dissolution of the partnership, an accounting, and damages. On November 15, 1994, the Honorable Warren H. Albrecht, Jr., conducted a trial on the merits. Judge Albrecht issued a Memorandum Decision, concluding there was a partnership and Jochim had violated the partnership agreement. The court issued an order dissolving the partnership and awarding damages to Holzer. No judgment, however, was entered.
On November 22, 1994 Jochim Filed a motion under N.D.R.Civ.P. 60 requesting the court to redetermine damages. Holzer responded, also requesting the court to redetermine damages. Judge Albrecht was defeated in the November 1994 election and left the bench before ruling on the motion.
The case was reassigned to the Honorable Bruce B. Haskell. The parties agreed to furnish a transcript for Judge Haskell to review before ruling on the motion. On March 17, 1995, Judge Haskell issued a written opinion concluding Holzer failed to establish a prima facie case there was a partnership or breach by Jochim. The court granted Jochim's motion and directed dismissal of Holzer's action "without prejudice."
On April 13, 1995, judgment was entered dismissing "without prejudice" Holzer's action against Jochim. Holzer appealed to this Court, but later withdrew the appeal and Filed a new lawsuit against Jochim on October 23, 1995. Jochim then Filed another motion under N.D.R.Civ.P. 60, requesting the court to amend the April 13, 1995, judgment "to dismiss the plaintiff's claim 'with prejudice.'" Judge Haskell granted the motion, and on January 4, 1996, an Amended Judgment was entered dismissing Holzer's original complaint against Jochim "with prejudice." Holzer appealed.
The district court had jurisdiction under N.D. Const. Art. VI, 8, and N.D.C.C. 27-05-06. This Court has jurisdiction under N.D. Const. Art. VI, 6, and N.D.C.C. 28-27-01. The appeal was timely under N.D.R.App.P. 4(a).
II
On appeal, Holzer argues Judge Haskell erred in reversing Judge Albrecht's decision without affording the parties an opportunity to retry the case. Holzer also argues the judge erred in amending the original dismissal "without prejudice" to a dismissal "with prejudice."
A party who moves for relief under N.D.R.Civ.P. 60 has the burden of establishing sufficient grounds for disturbing the finality of the court's judgment or order. McComb v. Aboelessad, 535 N.W.2d 744, 747 (N.D. 1995). On appeal, we will not disturb the trial court's decision on the motion absent an abuse of discretion. McComb at 747. A court abuses its discretion if it acts in an unreasonable, arbitrary, or unconscionable manner. North Shore, Inc. v. Wakefield, 542 N.W.2d 725, 727 (N.D. 1996). Our decision in Paulson v. Meinke, 352 N.W.2d 191, 194 (N.D. 1984), is controlling. We ruled in Meinke 352 N.W.2d at 193-194, a successor judge erred by amending the findings and conclusions of a retiring judge based upon a reading of the transcript, without giving the parties an opportunity to retry the case:
"The trial judge who makes a decision involving a disputed question of fact should have the opportunity to see and hear the witnesses and determine their credibility. Although [the successor judge] had read the transcript of the proceedings before [the original judge], this court has often stated that 'cold print' is no substitute for the opportunity of the trial judge to hear and observe the witnesses.
* * * * *
"The issue is not one of authority under the rules to do so, but rather the issue is one of due process. In cases tried without a jury, the general rule is that a party litigant is entitled to a decision on the facts by a judge who heard and saw the wit-
[557 N.W.2d 59]
nesses, and a deprivation of that right is a denial of due process.
* * * * *
"[B]ecause the issues to be resolved included questions of fact dependent upon credibility of the witnesses and because [the original judge] had the opportunity to hear and observe some, although not all, of the witnesses who testified, [the successor judge] should have granted the new trial rather than amend the findings and conclusions to reach a result different from that reached by [the original judge]. We therefore reverse the judgment and remand the entire matter to the trial court for a new trial."
Compare Binder v. Binder, ___ N.W.2d ___ (N.D. 1996) (parties can waive due process rights and stipulate to have a successor judge decide case based on review of written transcript or audio tapes of the trial).
Judge Haskell's reversal of Judge Albrecht's findings there was a partnership agreement and breach of that agreement by Jochim is especially grievous, because it was entered without notice or warning to the parties the court was going to reconsider liability. The fundamental requirement of due process is that a party receive adequate notice and fair opportunity to be heard. Estate of Robertson v. Cass County, 492 N.W.2d 599, 602 (N.D. 1992); see also Shipley v. Shipley, 509 N.W.2d 49, 55 (N.D. 1993) (the paramount purpose of our procedural rules for motions is to give notice of the claims brought and the relief sought by an opposing party). The parties provided a transcript so Judge Haskell could rule on their requests for a redetermination of the damages found by Judge Albrecht. They did not request a redetermination on the merits of the liability issues and had no prior notice Judge Haskell was going to reconsider liability. Nevertheless, Judge Haskell redetermined liability without a retrial or an opportunity to hear the witnesses and determine their credibility on those issues. It was arbitrary and unreasonable for him to do so.
III
We conclude the court abused its discretion in redeciding the merits of this case without affording the parties an opportunity to retry it. Consequently, we reverse and remand for a new trial on all issues before another judge to be assigned by the presiding judge of the district. In view of our remand for a new trial, we need not address the appropriateness of the court's amendment of the order to a dismissal with prejudice.
Dale V. Sandstrom
William A. Neumann
Mary Muehlen Maring
Herbert L. Meschke
Gerald W. VandeWalle, C.J.