2003 ND 200

**GRATECH COMPANY, LTD.,**
**Plaintiff and Appellant**

v.

**WOLD ENGINEERING, P.C.,**
**Defendant and Appellee.**

**No. 20030181.**

Supreme Court of North Dakota.

Dec. 23, 2003.

Ronald G. Schmidt (argued), Rapid City, S.D., and Daniel M. Traynor (on brief) of Traynor, Rutten & Traynor, P.C., Devils Lake, N.D., for plaintiff and appellant.

Collin P. Dobrovolny of McGee, Hankla, Backes & Dobrovolny, Minot, N.D., for defendant and appellee.

SANDSTROM, Acting Chief Justice.

[¶ 1]  Gratech Company, Ltd., appeals a Northwest Judicial District Court's grant of summary judgment dismissing Gratech's complaint alleging several tort claims against Wold Engineering, P.C. The district court granted the summary judgment, finding that N.D.C.C. § 24-02-26 mandates the claims be arbitrated.  Gratech argues that N.D.C.C. §§ 24-02-26 through 24-02-33 apply only to arbitration claims against the North Dakota Department of Transportation ("DOT") or the prime contractor under the construction contract and do not apply to independent tort claims brought by a private engineering firm hired to perform services on a DOT project.  Because there are no genuine issues of material fact, we affirm the summary judgment;  however, we reverse the portion of the judgment dismissing the case with prejudice.

I

[¶ 2]  The relevant facts are undisputed. Gratech is a grading contractor.  On Octo-

ber 30, 1997, the DOT entered into a contract with Gratech for the construction of a federal aid project on U.S. highway 281. The project was designated as Federal Aid Project No. NH–3–281 (032) 232. The contract was for grading, aggregate base course, and incidentals. The contract provided:

> The work shall be done pursuant to this contract and the laws of the State of North Dakota, and to the satisfaction of NDDOT, subject at all times to the inspection and approval of the U.S. Department of Transportation, its agents and representatives, and in accordance with the rules and regulations made pursuant to state and federal law.

[¶ 3] Wold is a professional engineering firm. On April 9, 1998, the DOT entered into a separate contract with Wold for construction engineering services on the same project. The contract provided:

> The engineer shall perform the needed construction engineering work such as, but not limited to, staking, cross-sectioning, inspection, sampling and testing of materials and measuring and computing pay quantities. He shall prepare the required engineering and administrative documents and records as required by NDDOT. It is the engineer's responsibility to perform construction inspections to verify the contractor's work is performed according to the government specifications, plans and special provisions including but not limited to, the provisions of NDDOT's Standards and Specifications for Road and Bridge Construction, Materials Sampling and Testing Manual, Field Office Procedures Manual, and Construction Manual.

[¶ 4] During construction, Gratech encountered difficult soil conditions, and a dispute arose about whether certain work was common excavation covered under the contract or was additional, unforeseen work entitling Gratech to extra compensation. *State v. Gratech Co., Ltd.*, 2003 ND 7, ¶ 2, 655 N.W.2d 417. The project was completed on November 23, 1999, and accepted by the State on December 28, 1999. Gratech filed an administrative claim against the DOT and made a demand for arbitration. Gratech's claim against the DOT was set to be arbitrated in April 2003.

[¶ 5] On May 10, 2002, Gratech filed an action against Wold. Gratech alleged several claims that it classified as tort claims. On February 20, 2003, Wold moved for summary judgment. On May 6, 2003, the district court granted Wold summary judgment on the basis that N.D.C.C. § 24–02–26 requires Gratech to arbitrate its claims against Wold. The judgment of dismissal was filed on May 12, 2003. Gratech was denied relief from the judgment and is now appealing the grant of the summary judgment.

[¶ 6] The trial court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 28–27–01 and 28–27–02.

II

[¶ 7] Gratech argues the district court erred in granting Wold summary judgment, because N.D.C.C. §§ 24–02–26 through 24–02–33 apply only to arbitration claims against the DOT or the prime contractor under the construction contract and do not apply to independent tort claims brought against a private engineering firm hired to perform services on a DOT project. Gratech argues it is clear that N.D.C.C. §§ 24–02–26 through 24–02–33 provide for arbitration as the exclusive remedy for claims against the DOT, but

argues there is nothing in the statutes that prohibits litigation against private parties.

[¶ 8] We review this appeal under our standard for summary judgment. Summary judgment is a procedure for promptly resolving a controversy without a trial if the evidence shows there are no genuine issues as to any material fact and any party is entitled to judgment as a matter of law. N.D.R.Civ.P. 56(c); *Koapke v. Herfendal*, 2003 ND 64, ¶ 11, 660 N.W.2d 206. " 'Even if a factual dispute exists, summary judgment is proper if the law is such that resolution of the factual dispute will not change the result.' " *Id.* (quoting *Knight v. N.D. State Industrial School*, 540 N.W.2d 387, 388 (N.D.1995)). A de novo standard of review is used to determine whether a district court erred in granting summary judgment. *Id.* On appeal, we view the evidence in the light most favorable to the non-moving party. *Id.*

[¶ 9] This case involves the interpretation of N.D.C.C. § 24–02–26. The district court found it did not have jurisdiction to hear the case under its interpretation of the statute. The statute provides:

All controversies arising out of any contract for the construction or repair of highways entered into by the director must be submitted to arbitration as provided in this chapter and chapter 32–29.2. Any person who voluntarily enters into a contract for the construction or repair of highways must be considered as having agreed to arbitration of all controversies arising out of that contract. For a claim for less than fifty thousand dollars, only one arbitrator may be jointly selected by the parties. For a claim for fifty thousand dollars or more, three persons comprise the arbitration board.

N.D.C.C. § 24–02–26.

[¶ 10] In construing a statute, we try to ascertain the intent of the legislature by looking at the plain language of the statute and giving every word of the statute its ordinary meaning. N.D.C.C. § 1–02–02; *Gronfur v. N.D. Workers Comp. Fund*, 2003 ND 42, ¶ 10, 658 N.W.2d 337. Although courts may resort to extrinsic aids to interpret an ambiguous statute, if the language is clear and unambiguous, the legislative intent is presumed clear from the face of the statute. N.D.C.C. §§ 1–02–02, 1–02–05, 1–02–39; *State v. Norman*, 2003 ND 66, ¶ 14, 660 N.W.2d 549.

[¶ 11] Both parties agree that N.D.C.C. § 24–02–26 is clear and unambiguous; however, they disagree with each other's clear and unambiguous interpretation. Gratech argues that because the contract between Wold and the DOT is not for "construction work," it is not for the "construction or repair of highways." This narrow construction of the statute excludes professional services that are a part of every construction project. Gratech's contract was for the improvement or construction of U.S. highway 281, while Wold's contract was to perform construction engineering work on highway 281. Both parties were contracted to perform work on highway 281, and we will not interpret this statute as limiting arbitration to claims dealing only with construction work. The language of the statute clearly includes contracts for construction and repair of the highway; certainly, engineering and other professional services play an integral part in that process.

[¶ 12] Gratech also argues the district court relied only on N.D.C.C. § 24–02–26 in deciding that Gratech must arbitrate its tort claims against Wold. It argues that N.D.C.C. § 24–02–26 is only one of the statutes dealing with DOT arbitrations and that all statutes relating to this

subject must be construed together. "If possible, we construe statutes on the same subject to harmonize them to give full force and effect to the Legislature's intent." *Dennison v. N.D. Dep't of Human Services*, 2002 ND 39, ¶ 10, 640 N.W.2d 447.

[¶ 13] Gratech argues N.D.C.C. §§ 24–02–26 through 24–02–33 make it clear that the arbitration clause relates solely to claims against the DOT and not against private parties. Although many of the statutes relating to the arbitration process mention the department or the director of the department, nothing in these statutes expressly limits arbitration to claims against the DOT. In fact, many of the statutes refer not to the DOT but to the "adverse party." Section 24–02–27, N.D.C.C., for example, states that a party desiring arbitration of claims must serve a written demand on the *adverse party*, not on the director or the department.

[¶ 14] Furthermore, the arbitration process is strongly favored in this state as a matter of public policy. *State v. Gratech Co., Ltd.*, 2003 ND 7, ¶ 12, 655 N.W.2d 417. Because of this strong public policy in favor of arbitration, "we have concluded that, where there is a broad arbitration clause and no exclusion clause, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.* We conclude there is nothing in these statutes excluding arbitration of claims against private parties such as Wold.

[¶ 15] In *Hjelle v. Sornsin Construction Company*, this Court interpreted the second sentence of N.D.C.C. § 24–02–26 to give subcontractors the right to arbitrate claims against a prime contractor. The statute was interpreted to allow the subcontractor to arbitrate its claims against both the highway commissioner and the prime contractor. This Court found that

the section did not limit arbitration to the commissioner and a prime contractor. *Hjelle*, 173 N.W.2d 431, 438 (N.D.1969). *Hjelle* makes it clear that N.D.C.C. § 26–02–24 is not restricted to claims between the commissioner and a prime contractor. *Id.* *Hjelle* was decided in 1969, and although amendments have been made to section 24–02–26, the substance of the law has remained unchanged, and there is nothing in the legislative history to suggest the legislature sought to nullify *Hjelle*.

[¶ 16] We conclude that controversies between a contractor and a third party arising out of any contract for the construction or repair of highways entered into by the director of the DOT must be submitted to arbitration and that the arbitrators shall determine all controversies growing out of the contract. N.D.C.C. § 24–02–26; *Byron's Construction Co. v. N.D. State Highway Dep't*, 448 N.W.2d 630, 635 (N.D.1989).

[¶ 17] In its complaint, Gratech alleged causes of action such as breach of duty, bad faith, misconstruction of a contract, negligent representation, and deceit. Section 24–02–26, N.D.C.C., provides, "All controversies arising out of any contract for the construction or repair of highways entered into by the director must be submitted to arbitration." Whether a claim is subject to arbitration does not depend on the characterization of the claim as tort or contract, but on the relationship of the claim to the subject matter of the arbitration clause. *Rodgers Builders, Inc. v. McQueen*, 76 N.C.App. 16, 331 S.E.2d 726, 731 (1985). "The phrase [arising out of the contract] may be broad enough to encompass some claims sounding in tort and too narrow to include others." *Valero Energy Corp. v. Wagner & Brown*, 777 S.W.2d 564, 566 (Tex.Ct. App.1989).

[¶ 18] It should be determined "whether the particular tort claim is so interwoven with the contract that it could not stand alone or, on the other hand, is a tort completely independent of the contract and could be maintained without reference to the contract." *Id.* "[W]hen the parties have agreed to arbitrate any dispute or disagreement 'arising under the contract,' all disputes of whatever nature, including those sounding in tort, that are directly and closely related to the performance of the contract and are otherwise arbitrable, are subject to arbitration upon the demand of a party to the agreement." *Id.* at 567.

[¶ 19] The torts alleged in this case consist of a claim of bad faith against Wold in determining the nature and extent of unsuitable soil conditions, negligent representation of contract plans and specifications, and deception as to the contractor's entitlement to compensation under the contract. Although these actions sound in tort, they are directly and closely related to the performance of the contract.[1] Although Gratech alleged these claims as tort claims in its initial complaint, we conclude the claims alleged fall within the scope of the contract despite Gratech's classification.

### III

[¶ 20] Wold argues it is entitled to "umbrella protection" from Gratech's claims. We conclude this issue is not properly before this Court and will not consider it on appeal.

### IV

[¶ 21] Gratech argues the district court improperly dismissed its claim with prejudice and failed to correct this obvious error after Gratech raised the issue in a Rule 60 Motion for Relief from Judgment. *See* N.D.R.Civ.P. 60. It argues the decision to dismiss with prejudice was wholly inconsistent with the court's own conclusion that arbitration was required for this case. Wold argues Gratech's claims are res judicata.

[¶ 22] Dismissing a case with prejudice has the effect of barring any future claim, amounting to a final disposition of the controversy. *Trottier v. Bird,* 2001 ND 177, ¶ 8, 635 N.W.2d 157.

[¶ 23] "A party who moves for relief under N.D.R.Civ.P. 60 has the burden of establishing sufficient grounds for disturbing the finality of the court's judgment or order." *Holzer v. Jochim,* 557 N.W.2d 57, 58 (N.D.1996). Absent an abuse of discretion, we will not disturb the district court's decision. *Id.* A district court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, or "when its decision is not the product of a rational mental process leading to

---

1. The dissent states: "Because Gratech alleges in his complaint Wold 'intentionally and willfully deceived the Contractor, with the intent to induce him to alter his position to his injury or risk,' " this claim is an intentional tort and not arbitrable. The claim discussed in the dissent alleges: "The Engineer intentionally and willfully deceived the Contractor, with the intent to induce him to alter his position to his injury or risk *by attempting to persuade him that he was not entitled to compensation rightfully due him under the contract* for the excavation and disposal and rehandling of the wet and unstable, unsuitable material, and other directed extra work, which false and untrue representations constitute deceit as a matter of law" (emphasis added). To determine this claim, it would be necessary to interpret whether Gratech was entitled to extra compensation under the contract. Furthermore, this claim is so interwoven with the contract that it cannot be determined without a reference to the contract.

a reasoned determination." *Gepner v. Fujicolor Processing, Inc.*, 2001 ND 207, ¶ 29, 637 N.W.2d 681.

[¶ 24] Dismissing this case with prejudice is inconsistent with the district court's memorandum decision indicating that arbitration is Gratech's exclusive remedy. We conclude the district court erred to the extent that it dismissed Gratech's claim with prejudice.

V

[¶ 25] We affirm in part, concluding the district court did not err in finding that N.D.C.C. § 24–02–26 requires Gratech to arbitrate its claims against Wold. We reverse the portion of the judgment dismissing Gratech's claims with prejudice.

[¶ 26] CAROL RONNING KAPSNER, J., ROBERT O. WEFALD, District Judge, and KIRK SMITH, Surrogate Judge, concur.

[¶ 27] The Honorable KIRK SMITH, Surrogate Judge, and the Honorable ROBERT O. WEFALD, District Judge, sitting in place of VANDE WALLE, C.J., and NEUMANN, J., disqualified.

MARING, Justice, concurring in part and dissenting in part.

[¶ 28] I concur in most of the majority opinion, but dissent from that part which concludes all of Gratech's claims must be arbitrated. I am of the opinion that Gratech, by entering into a contract with the North Dakota Department of Transportation ("NDDOT") for the construction of a federal aid project on U.S. Highway 281, did not agree to arbitrate intentional tort claims.

[¶ 29] Gratech brought an action against Wold, the project engineer, alleging it bid the project in reliance upon the information furnished by the NDDOT; that nothing in the proposal or contract documents disclosed unstable soil conditions on the project; that when the unstable soil conditions were encountered, Wold, as the engineer, directed certain work done, classifying it as incidental, and denied payment for any additional working days or price adjustments; and that Wold misconstrued and misapplied the specifications and wrongfully denied payment to Gratech. Gratech alleges six causes of action:

1) Breach of the duty to provide professional engineering services,

2) Wold acted arbitrarily and capriciously and/or in bad faith and/or abused its discretion and professional judgment in determining the nature of unsuitable soil,

3) Wold wrongfully and improperly construed the contract to deny payment to Gratech,

4) Wold negligently misrepresented the contract plans and specifications,

5) Wold intentionally and willfully deceived Gratech with intent to get him to alter his position on its right to compensation for extra work, and

6) For punitive damages.

Whether the claims and causes of action arise out of the contract under N.D.C.C. § 24–02–26 requires an examination of the nature of the claims and causes of action and their relationship to the contract.

[¶ 30] In this case, Gratech must plead and prove its contract with the NDDOT, which it relied on to bid the project. The interpretation of the contract is the subject of the alleged misrepresentations by Wold to Gratech. At first glance, I agree it appears the alleged torts of negligence and misrepresentation are closely interwoven with the contract. However, Gratech did not enter into a contract with Wold agreeing to arbitrate intentional torts, nor did its contract with the NDDOT or N.D.C.C.

§ 24–02–26 mandate such. The majority relies heavily on *Valero Energy Corp. v. Wagner and Brown, II,* 777 S.W.2d 564 (Tex.Ct.App.1989). In *Valero,* the Texas Court of Appeals stated:

> On the other hand, if there were allegations of some intentional tort visited directly by Valero on Wagner, e.g., defamation or assault, or some cause of action antithetical to the contract, e.g., fraudulent inducement to enter into the contract or quantum meruit, the phraseology of the arbitration clause would have to be broad, indeed, to require arbitration.

*Id.* at 567.

[¶ 31] Because Gratech alleges in his complaint Wold "intentionally and willfully deceived the Contractor, with the intent to induce him to alter his position to his injury or risk . . .," I respectfully dissent from the majority's conclusion that all of Gratech's claims are arbitrable.